**Jerry BENO, Appellant,**

v.

**STATE of Indiana, Appellee.**

**No. 32S01–9111–CR–926.**

Supreme Court of Indiana.

Nov. 25, 1991.

Daniel F. Zielinski, Deckard, O'Brien, Black & Steuerwald, Danville, for appellant.

Linley E. Pearson, Atty. Gen. of Indiana and Gary Damon Secrest, Deputy Atty. Gen., Indianapolis, for appellee.

ON PETITION TO TRANSFER

KRAHULIK, Justice.

Defendant–Appellant, Jerry Beno petitions us to accept transfer from the Court of Appeals' affirmance of his jury convictions and sentences for dealing in cocaine in an amount exceeding three grams, a class A felony, dealing in cocaine in an amount under 3 grams, a class B felony, and maintaining a common nuisance, a class D felony. 570 N.E.2d 1371. His petition alleges that the Court of Appeals failed to follow ruling precedent of this Court on the issues of sufficiency of the evidence, entrapment, and unreasonableness of sentence. We accept transfer in order to review and revise his sentences but, pursuant to App. Rule 11(B)(3), adopt and incorporate by reference the Court of Appeals' memorandum decision affirming the convictions.

The evidence reveals that Beno participated in the sale of cocaine to an acquaintance, Walter Sublett, on two occasions: April 14 and April 18, 1989. Unbeknownst to Beno, Sublett had been arrested for public intoxication and possession of marijuana and had made arrangements with the police to participate in controlled drug purchases in order to have his charges dismissed. The April 14 sale and the April 18 sale were practically identical, except that the weight of the cocaine in the first sale was 3.1 grams, while the weight in the second was 2.9 grams. On both occasions, Sublett went to Beno's house, paid for the cocaine and waited while Beno and a friend (first sale) and Beno's friend alone (second sale) left to procure the cocaine. After conviction, Beno was sentenced to the maximum sentence on each of the three convictions with each sentence to be served consecutively and was ordered to pay the maximum fines for each conviction. In all, Beno was sentenced to a total of 74 years imprisonment and $30,000 of fines.

Beno argues that this sentence is manifestly unreasonable. We agree. In sentencing Beno, the trial court, reciting that Beno had an extensive criminal record, had failed to take advantage of offered drug rehabilitation programs, and allegedly had committed a violation of probation, stated:

> Here in our County and across the Country I don't think there can be any doubt ... Mr. Beno that dealing in cocaine and the use of cocaine ... destroys the very fabric our Country's made of, whether you deal it to a friend or deal it to somebody you don't know. ... [f]rom President Bush right on down to these "just say no" drug people over here at Harris Elementary, everybody knows everybody knows [sic] that dealing in cocaine is just about as bad as you can get. I'm really surprised at the ease the testimony revealed. You go to somebody's house and in a very short period of time bring back the cocaine to somebody that you thought was your friend. That tells me something about your character, your ability to understand the danger to everybody that you uh presented. I don't see anything at all wrong with sending a very clear message to every person in the State that somewhere along the line the buck's gotta stop and it's gotta stop right here at this bench.

The trial court then ordered that Beno receive the maximum sentence and the maximum possible fine for each of the three violations, and that the sentences be served consecutively in order that Beno would "never see the light of day again."

A sentence will be overturned by an appellate court only when the sentence is deemed manifestly unreasonable, that is, when "no reasonable person could find such sentence appropriate to the particular offense and offender for whom such sentence is imposed." *Ferrell v. State* (1991), Ind., 565 N.E.2d 1070, 1073. The sentence in this case fits that description.

Beno not only received the maximum possible sentence for each offense, but the sentences were to run consecutively. Our decision does not question a trial judge's discretion to both aggravate a sentence to its maximum amount and determine that the sentences should run consecutively. We simply hold that, in this case, such sentencing is not appropriate. Beno was convicted of committing virtually identical crimes separated by only four days. Most importantly, the crimes were committed as a result of a police sting operation. As a result of this operation, Beno was hooked once. The State then chose to let out a little more line and hook Beno for a second offense. There is nothing that would have prevented the State from conducting any number of additional buys and thereby hook Beno for additional crimes with each subsequent sale. We understand the rationale behind conducting more than one buy during a sting operation, however, we do not consider it appropriate to then impose maximum and consecutive sentences for each additional violation. If Beno, for instance, had sold drugs to different persons, or if he had provided a different type of drug during each buy, the consecutive sentences imposed might seem more appropriate. Here, however, because the crimes committed were nearly identical State-sponsored buys, consecutive sentences were inappropriate.

It is revealing to note that during the sentencing hearing, the probation department recommended that Beno be given the maximum sentence on all three counts to be served concurrently. The State also recommended giving the maximum sentence on each count: 50 years for the A felony, 20 years for the B felony, and four years for the D felony. The State did not request that the sentences run consecutively. During sentencing, the trial judge noted that part of his motivation for making the sentences consecutive was to make an example of Beno to other drug dealers. We recognize that one of the many goals of penal sentencing is its deterrent effect. We do not believe, however, that a trial judge should be allowed to use the sentencing process as a method of sending a personal philosophical or political message. A trial judge's desire to send a message is not a proper reason to aggravate a sentence.

We hold that the sentence in this case shall be reduced to that requested by the State during the sentencing hearing, that is, the maximum term for each of the three offenses, 50 years for the class A felony, 20 years for the B felony, and 4 years for the D felony, and that such sentences shall be served concurrently, aggregating to a total sentence of 50 years. Additionally, upon rehearing, the Court shall either vacate the monetary fine or make an express statement that the defendant shall not be imprisoned for failing to pay the fine. *See Whitehead v. State* (1987), 511 N.E.2d 284, 296.

SHEPARD, C.J., and DeBRULER and DICKSON, JJ., concur.

GIVAN, J., would deny transfer.