**Jeffrey O. GREGORY, Appellant–Defendant Below,**

v.

**STATE of Indiana, Appellee–Plaintiff Below.**

No. 20A03–9112–CR–379.

Court of Appeals of Indiana, Third District.

Dec. 22, 1992.

Transfer Denied Feb. 17, 1993.

Michael A. Dvorak, Hahn, Walz, Knepp, Dvorak & Higgins, South Bend, for appellant.

Linley E. Pearson, Atty. Gen., Cynthia L. Ploughe, Deputy Atty. Gen., Indianapolis, for appellee.

STATON, Judge.

Jeffrey Gregory was convicted upon four counts of dealing in cocaine, a Class A felony,[1] arising from the delivery of cocaine to a confidential informant on February 26, March 1, March 2 and March 7, 1990. He presents two issues for our review:

I. Whether the trial court erroneously imposed consecutive sentences.

II. Whether the trial court erred in admitting evidence of a fifth (uncharged) delivery of cocaine by Gregory.

We affirm Gregory's convictions and remand to the trial court for a specific and individualized sentencing statement.

I.

*Consecutive Sentences*

The sentencing court imposed upon Gregory the presumptive term of 30 years for each of his class A felony convictions and ordered those sentences to be served consecutively, providing for an aggregate term of 120 years. Gregory challenges his sentence as manifestly unreasonable and disproportionate.

█ This court will revise a sentence authorized by statute only where the sentence is manifestly unreasonable in light of the nature of the offense and the character of the offender. Ind. Appellate Rule 17(B). The trial court has the discretion to determine whether a sentence will be enhanced or mitigated due to aggravating or mitigating factors. *Concepcion v. State* (1991), Ind., 567 N.E.2d 784, 790. A single valid aggravating factor may support the imposition of consecutive sentences. *Id.* at 791.

█ Where the court imposes an enhanced or consecutive sentence, the record must reflect the court's consideration of the facts of the specific crime and the relation of the sentence to the objectives to be served by that sentence. *Sims v. State* (1992), Ind., 585 N.E.2d 271, 272; *Simmons v. State* (1987), Ind., 504 N.E.2d 575, 582. The court's statement should include: an identification of the significant aggravating and mitigating circumstances, specific facts and reasons leading the court to find the existence of such circumstances and an articulation demonstrating that the mitigating and aggravating circumstances have been evaluated and balanced in determining the sentence. *Slaton v. State* (1987) Ind., 510 N.E.2d 1343, 1351; *Sims, supra,* at 272.

█ Here, the sentencing court briefly articulated the reasons underlying the imposition of consecutive sentences:

"The Court will order that the sentences imposed for the four counts or four cause numbers be served consecutive to one another, the Court finding as aggravating circumstances the five prior misdemeanor convictions, one of which was a felony delivery charge which was reduced to a misdemeanor, and the prior violation of probation offense."

Record, p. 548.

We conclude that the sentencing court inadequately set forth the court's consideration of the facts of the specific crimes and the relation of the sentence to the objectives to be served by the 120 year sentence. We therefore remand with instructions to enter a specific and individualized statement to support consecutive sentences or to impose concurrent sentences. *See Bal-*

---

1. IND.CODE 35–48–4–1.

*lenger v. State* (1991), Ind., 565 N.E.2d 751, *reh. denied.*

## II.

### *Evidence of Fifth Cocaine Transaction*

Gregory was charged with delivering cocaine to a confidential informant on February 26, March 1, March 2 and March 7, 1990. Evidence adduced at trial indicated that Gregory also delivered cocaine to the informant on March 8, 1990. Gregory complains that the evidence of the fifth transaction lacked probative value and was highly prejudicial to him.

As a general rule, evidence of criminal activity other than that charged is inadmissible. Such evidence may, however, be offered to show intent, motive, purpose, identification or a common plan or scheme. *Jenkins v. State* (1985), Ind., 474 N.E.2d 84, 88 *reh. denied.* The trial court has discretion to allow such evidence if relevant, *i.e.,* tending to render a desired inference more probable than it would be without the evidence. *Wilson v. State* (1982), Ind., 432 N.E.2d 30, 34.

Prior to the State's examination of Officer Michael Coryn concerning the March 8 transaction, Gregory objected that he was not charged with a fifth delivery of cocaine. However, the trial court permitted the State to elicit evidence from Officer Coryn to establish a common scheme or plan. Record, pp. 234–35, 266. This ruling is within the trial court's discretion.

Moreover, Officer Coryn's testimony was cumulative of other testimony which was offered without objection. Gregory did not object to the informant's testimony concerning the March 8 transaction; nor did he object to such testimony by Officer Michael Posthuma. Record, pp. 311–13, 340–44. Any error in the admission of evidence is harmless if the same or similar evidence was admitted without objection. *McCovens v. State* (1989), Ind., 539 N.E.2d 26, 30.

We remand to the trial court with instructions to enter specific findings supporting the imposition of consecutive sentences. The judgment is otherwise affirmed.

HOFFMAN and ROBERTSON, JJ., concur.