Brenda E. **WOODARD**, Appellant–Defendant,

v.

**STATE of Indiana, Appellee–Plaintiff.**

**No. 34A02–9208–PC–00397.**

Court of Appeals of Indiana,
Second District.

March 9, 1993.

Transfer Denied May 6, 1993.

Steven K. Raquet, Kokomo, for appellant-defendant.

Linley E. Pearson, Atty. Gen., Mary Dreyer, Deputy Atty. Gen., Indianapolis, for appellee-plaintiff.

SHIELDS, Judge.

Brenda E. Woodard appeals an adverse judgment on her petition for post-conviction relief. She also seeks review of her sentencing judgment. We affirm in part and reverse in part.

### ISSUES

1. Did Woodard meet her burden of proof under *White v. State* (1986), Ind., 497 N.E.2d 893?

2. Are Woodard's aggravated and consecutive sentences unreasonable?

### FACTS

During voir dire, Woodard requested leave of court to withdraw her previously entered pleas of not guilty and to enter pleas of guilty to five counts of dealing in cocaine, a class B felony. *See* IC 35–48–4–1(1) (1992 Supp.). The court granted the motion, the pleas were entered and accepted, and the State dismissed five other counts—four counts of maintaining a common nuisance, a class D felony, and one count of dealing in marijuana, a class A misdemeanor. At Woodard's sentencing hearing she orally requested leave to withdraw her guilty pleas.[1] She testified she was making the motion because she did not realize she would not be sentenced at the time her pleas were accepted and because, when she entered her pleas, she had not had sufficient time to "get the opinion of [her] family members as to whether or not entering into a guilty plea under those circumstances would be in [her] best interest." Record at 196. The trial court denied her motion.

At the conclusion of Woodard's sentencing hearing the trial court imposed five consecutively-served fifteen-year sentences.

Woodard filed a petition for post-conviction relief in which she asserted she had not been advised of the possibility of consecutive sentences and, further, her sentences were manifestly unreasonable.

The parties concede, and the post-conviction court found, that the record reveals that Woodard was not advised on the record of the possibility of consecutive sentences. Woodard's only witness at her post-conviction hearing was her guilty plea attorney. He testified he was unable to remember whether he had specifically discussed the possibility of consecutive sentences with Woodard. However, he also stated:

> At intervals, or at points prior to the trial, and I'm sure at the point when we were contemplating, uh, discontinuing the trial, uh, there was always the specter of multiple sentences or consecutive sentences as a part of the risk of conviction of the charges. And the possibility of getting charge—sentences concurrent rather than the risk of consecutive charges was a—a factor, or a—a matter of great consideration in—in uh, trying to deal with the case. So, it would not have been possible to have—for the case to have evolved as it did absent a discussion of uh, consecutive versus concurrent sentences.

Supplemental Record at 50–51. Further, Woodard's guilty plea attorney testified that some time before her trial was set he discussed a possible plea with Woodard and either gave or showed her a copy of the proposed Recommendation of Plea Bargain. The proposed Recommendation contained the recommendation that Woodard receive one two-year sentence, three ten-year sentences and two fifteen-year sentences. In addition, it was recommended that one of

---

1. IC 35–35–1–4(b) (1988) requires a written verified motion to withdraw a previously entered guilty plea.

the fifteen-year sentences be served consecutive to the three ten-year sentences.

The post-conviction court denied Woodard relief and she appeals.

### DISCUSSION AND DECISION

#### I.

■ Woodard recognizes that she had the burden of proving that the trial court's failure to give the requisite statutory advisement rendered her pleas involuntary or unintelligent. *See White v. State* (1986), Ind., 497 N.E.2d 893, 905 (petitioner must prove that the "trial judge's failure to make a full inquiry in accordance with [the applicable statute] rendered [her] decision involuntary or unintelligent"). However, she fails to recognize that the record is devoid of any claim that Woodard did not *know* the possibility of consecutive sentences existed, as well as any claim that if Woodard had known of the possibility, it would have changed her decision to plead guilty.[2] Further, the record contains the testimony of her guilty plea counsel and the Recommendation from which the post-conviction court reasonably concluded that she was aware of the possibility of consecutive sentences despite the guilty plea court's omission.

Thus, as in *White*,

[Woodard] alleges only a violation of Ind. Code § 35–35–1–2(a); [she] does not claim any other circumstances which might call into question [her] repeated assertions to the judge who took [her] plea that [she] was guilty and that [she] had decided, voluntarily, that it was in [her] best interests to plead guilty. [Her] claim is an inadequate basis for vacating [her] conviction.

*Id.* at 906.

The post-conviction court properly denied Woodard's petition for relief.

#### II.

Woodard claims her aggravated fifteen-year sentences, ordered consecutively served, for each of her five convictions of dealing in cocaine, are manifestly unreasonable. The five convictions were for controlled sales of cocaine to one individual on December 1, 1988, and for controlled sales to a second individual on December 13 and 14, 1988, and on January 10 and 11, 1989.

Ind.Appellate Rule 17 provides for appellate review of any statutorily authorized sentence that is "manifestly unreasonable in light of the nature of the offense and character of the offender." App.R. 17(B)(1). It further provides that "[a] sentence is not manifestly unreasonable unless no reasonable person could find such sentence appropriate to the particular offense and offender for which such sentence was imposed." *Id.*

In sentencing Woodard the guilty plea court recited as aggravating factors that the offenses involved repeated dealing in cocaine and that Woodard had numerous arrests and convictions,

starting back in as early as 1974 and continuing through March of 1987 when she had a conviction for possession of a schedule four controlled substance as a Class D felony. Uh, 1986 the conviction for Theft which was one of; one, two, three, four, five prior, or five other six other, seven other convictions for theft.

Record at 225. The court then aggravated the presumptive ten-year sentence for each of Woodard's class B felony convictions by five additional years and ordered each sentence served consecutively.

Woodard argues that because each of her convictions resulted from controlled buys in a state-sponsored sting operation, the rationale of *Beno v. State* (1991), Ind., 581 N.E.2d 922, is controlling. In *Beno*, our supreme court, Justice Givan dissenting, addressed the reasonableness of aggravated, consecutive sentences for dealing in cocaine, a class A felony, dealing in cocaine, a class B felony, and maintaining a common nuisance, a class D felony. In sentencing Beno, the trial court recited as aggravating factors Beno's extensive criminal record, his failure to take advantage of offered drug rehabilitation programs, and his alleged probation violation. In deter-

---

2. Woodard did not testify at her post-conviction     hearing.

mining that the aggravated and consecutive sentences were not appropriate, our supreme court stated:

> Our decision does not question a trial judge's discretion to both aggravate a sentence to its maximum amount and determine that the sentences should run consecutively. We simply hold that, in this case, such sentencing is not appropriate. Beno was convicted of committing virtually identical crimes separated by only four days. Most importantly, the crimes were committed as a result of a police sting operation. As a result of this operation, Beno was hooked once. The State then chose to let out a little more line and hook Beno for a second offense. There is nothing that would have prevented the State from conducting any number of additional buys and thereby hook Beno for additional crimes with each subsequent sale. We understand the rationale behind conducting more than one buy during a sting operation, however, we do not consider it appropriate to then impose maximum and consecutive sentences for each additional violation. If Beno, for instance, had sold drugs to different persons, or if he had provided a different type of drug during each buy, the consecutive sentences imposed might seem more appropriate. Here, however, because the crimes committed were nearly identical State-sponsored buys, consecutive sentences were inappropriate.

*Beno,* 581 N.E.2d at 924.

■ Certainly Woodard's extensive criminal conviction record forestalls any claim that aggravating the presumptive sentences by five years is manifestly unreasonable. However, the police sting involving multiple buys to the same individual on consecutive days does not permit the same conclusion as to each sentence being served consecutively. Under the rationale of *Beno,* we hold that the guilty plea court's judgment that Woodard's sentence for dealing cocaine to James Michael Darden on December 14, 1988, (Count V), and on January 11, 1989, (Count IX), shall be served consecutively to her sentences for dealing to another person on December 1, 1988, (Count I), and to Darden on December 13, 1988, (Count III), and January 10, 1989, (Count VII), is manifestly unreasonable.

The judgment of the post-conviction court denying Woodard relief from her guilty pleas is affirmed. However, this cause is remanded to the post-conviction court with instructions to modify Woodard's sentencing judgment to order that her sentence on Counts I, III, and VII be served consecutively; that her sentences on Count V be served concurrent with her sentence on Count III, and that her sentence on Count IX be served concurrent with her sentence on Count VII (an accumulated forty-five year sentence), after which the judgment is affirmed in all things.

SULLIVAN and CONOVER, JJ., concur.