**Donnie I. BRAY, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

No. 19A01–9210–CR–352.

Court of Appeals of Indiana,
First District.

March 30, 1993.

C. Michael Steiner, Hayes, Dant and Steiner, Washington, for appellant-defendant.

Pamela Carter, Atty. Gen., Deana M. McIntire, Deputy Atty. Gen., Office of Attorney General, Indianapolis, for appellee-plaintiff.

BAKER, Judge.

Defendant-appellant Donnie Bray appeals the sentence he received following a

plea-agreement. On appeal, Bray argues his sentence was manifestly unreasonable.

We affirm.

## STATEMENT OF FACTS

On May 8, 1991, a confidential informant told Detective Gunselman of the Jasper Police Department that Bray had offered to sell him cocaine. After meeting with the informant, the detective fitted him with a transmitter, gave him money, and sent him to purchase cocaine from Bray. Thereafter, at Bray's home, Bray sold a small amount of cocaine to the informant for $20.00.

Two days later, in an unrelated matter, the same informant was scheduled to buy crank[1] from two men. Detective Gunselman again fitted the informant with a transmitter, gave him money, and sent him to complete the deal. While the informant waited in a parking lot for the two men, however, Bray spotted him, drove up beside him, and offered to sell the informant some crank. At a local park later that evening, Bray sold a small amount of methamphetamine to the informant for $50.00.

Bray was arrested and charged with dealing in cocaine and dealing in a schedule II controlled substance, both Class B felonies.[2] Following a negotiated plea-agreement, Bray pleaded guilty to possession of cocaine and possession of a schedule II controlled substance, both Class D felonies.[3] Thereafter, the trial court sentenced Bray to two consecutive three-year terms.

## DISCUSSION AND DECISION

 We will reverse a trial court's sentencing decision only upon a showing of manifest abuse of discretion. *Bewley v. State* (1991), Ind.App., 572 N.E.2d 541, 545. Bray argues the trial court erred both by sentencing him to the maximum term on each count and by ordering these terms to be served consecutively. Bray's sole contention is that *Beno v. State* (1991), Ind., 581 N.E.2d 922, requires us to conclude that his sentence was manifestly unreasonable.[4]

In *Beno*, the defendant was convicted on two counts of dealing in cocaine and one count of maintaining a common nuisance after being nabbed by a police sting operation. Thereafter, the trial court sentenced him to the maximum terms of imprisonment for each of the three drug violations, and further ordered him to serve the three terms consecutively, totalling seventy-four years. In concluding the trial court's sentencing decision was manifestly unreasonable, our supreme court stated:

> [S]uch sentencing is not appropriate. Beno was convicted of committing virtually identical crimes separated by only four days. Most importantly, the crimes were committed as a result of a police sting operation.... We understand the rationale behind conducting more than one buy during a sting operation, however, we do not consider it appropriate to then impose maximum and consecutive sentences for each additional violation.... [B]ecause the crimes committed were nearly identical State-sponsored buys, consecutive sentences were inappropriate.

*Id.* at 924.

Contrary to Bray's contention, Bray's case is distinguishable from *Beno*. Unlike the defendant in *Beno*, Bray sold different drugs at two different places, and more importantly, Bray, not the police, initiated the second transaction. The *Beno* court acknowledged that "if Beno, for instance, had sold drugs to different persons, or if he had provided a different type of drug during each buy, the consecutive sentences

---

1. "Crank" is a slang term for methamphetamine.

2. IND.CODE 35–48–4–1(a); IND.CODE 35–48–4–2(a).

3. IND.CODE 35–48–4–6; IND.CODE 35–48–4–7(a).

4. In passing, we note that Bray included neither a transcript of the plea-agreement hearing nor a copy of the pre-sentence report in the record of proceedings. Although this information would have been helpful, its absence does not preclude our review because neither document is needed to resolve Bray's issue on appeal. *See* Ind.Appellate Rule 7.2(B).

imposed might seem more appropriate." *Id.* That is precisely what occurred here.

Because of these significant factual differences, we conclude *Beno* fails to compel the result Bray seeks. Bray's sentence is not manifestly unreasonable under *Beno.* There being no other allegation of error, the sentence is affirmed.

ROBERTSON and NAJAM, JJ., concur.