**Chris Ron HOWARD, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

**No. 75A05–9303–CR–00118.**

Court of Appeals of Indiana, Fifth District.

Dec. 29, 1993.

Transfer Denied Feb. 2, 1994.

Martin R. Lucas, North Judson, for appellant-defendant.

Pamela Carter, Atty. Gen., Deana McIntire Smith, Deputy Atty. Gen., Office of Atty. Gen., Indianapolis, for appellee-plaintiff.

RUCKER, Judge.

Chris Ron Howard pled guilty to three counts of Dealing In Marijuana, a Class D felony.[1] He was sentenced to three years imprisonment on each count and the trial court ordered the sentences to run consecutively for a total sentence of nine years. Howard now appeals raising one issue for our review which we restate as: did the trial court err in imposing consecutive sentences?

We affirm.

1. Ind.Code § 35–48–4–10(b)(1)(B).

Through the use of a single confidential informant, officers of the Tri–County Organized Drug Task Force purchased marijuana from Howard on four different occasions between October 19, 1989 and November 21, 1989. Each sale involved marijuana in excess of 30 grams. As a result, Howard was charged under four separate cause numbers with Count I Dealing in Marijuana, a Class D Felony,. Count II Possession of Marijuana, a Class D felony, and Count III Maintaining a Common Nuisance, a Class D felony, for a total of twelve counts. Under the terms of a plea agreement, Howard pled guilty to three counts of dealing and the remaining counts were dismissed. The agreement also provided "the court shall have discretion to order the sentences to be served concurrently, consecutively, or any combination thereof." *Supp.Record* at 10. After conducting a hearing, the trial court sentenced Howard to three years imprisonment on each count with terms running consecutively. Thereafter, Howard filed a motion to correct erroneous sentence which the trial court denied. This appeal ensued in due course.

Howard contends the trial court erred in imposing consecutive sentences. Citing *Beno v. State* (1991), Ind., 581 N.E.2d 922, Howard argues consecutive sentences are precluded for multiple drug sales of a single drug to one informant in a short period of time pursuant to a state sponsored drug sting. We disagree.

In *Beno* the defendant sold cocaine to a confidential informant on two different occasions, April 14, and April 18. The weight of the cocaine in the first sale was 3.1 grams and the weight in the second was 2.9 grams. After a trial by jury the defendant was convicted of dealing in cocaine in an amount over three grams, a Class A felony, dealing in cocaine in an amount under three grams, a Class B felony, and maintaining a common nuisance, a Class D felony. The trial court sentenced the defendant to the maximum penalty on each charge: 50 years, 20 years, and 4 years respectively. The sentences were ordered to be served consecutively for a total of 74 years. On

appeal to this court the judgment and sentences were affirmed. Our supreme court accepted transfer and ordered the maximum terms of imprisonment to be served concurrently for a total of 50 years. In reaching its decision the supreme court stated:

> Beno was convicted of committing virtually identical crimes separated by only four days. Most importantly, the crimes were committed as the result of a police sting operation. As a result of that operation, Beno was hooked once. The State then chose to let out a little more line and hook Beno for a second offense. There is nothing that would have prevented the State from conducting any number of additional buys and thereby hook Beno for additional crimes with each subsequent sale. We understand the rationale behind conducting more than one buy during a sting operation, however, we do not consider it appropriate to then impose maximum and consecutive sentences for each additional violation.

*Beno*, 581 N.E.2d at 924.

Howard seizes on the foregoing language and urges the facts in this case are nearly identical to the facts in *Beno* and thus deserve similar treatment, namely: his sentences should be corrected to run concurrently rather than consecutively. We disagree. The facts in this case are distinguishable from those in *Beno*.

First, Defendant Beno was sentenced after a jury trial. Here, Howard was sentenced after pleading guilty pursuant to the terms of an agreement which provided among other things "[t]he court shall have discretion to order the sentences to be served concurrently, consecutively, or any combination thereof." Howard acknowledges this distinction but counters *Beno* was decided shortly after the sentence in this case and thus neither he nor the trial court were aware that the decision would "explicitly render consecutive sentences illegal in this factual context." *Brief of Appellant* at 9.

■ We must disagree with Howard's characterization of the *Beno* decision. The supreme court did not hold that Defendant Beno's sentence was illegal. Rather the court determined that it was "manifestly unreasonable." There is a critical distinction between the two. An illegal or erroneous sentence is one which violates express statutory authority at the time the sentence is pronounced. *Poore v. State* (1993), Ind.App., 613 N.E.2d 478, 480. In this case Howard's consecutive sentence, imposed in accordance with the express provisions of the plea agreement, was not in violation of any statutory authority. On the other hand a sentence is manifestly unreasonable where no reasonable person could find such sentence appropriate to the particular offense and offender for whom such sentence is imposed. *Ferrell v. State* (1991), Ind, 565 N.E.2d 1070, 1073. For reasons discussed in the *Beno* opinion, our supreme court held "in this case [maximum and consecutive] sentencing is not appropriate." *Beno*, 581 N.E.2d at 924 (emphasis added). For reasons we discuss here, Howard's consecutive sentencing was not inappropriate.

Second, in *Beno* the trial judge ordered the sentences to be served consecutively in order to make an example for other drug dealers. Our supreme court noted, "[w]e recognize that one of the many goals of penal sentencing is its deterrent effect. We do not believe, however, that a trial judge should be allowed to use the sentencing process as a method of sending a personal philosophical or political message." *Id.* at 924. Here, the record does not support the notion that the trial judge imposed consecutive sentences in an effort to send a message. Rather, the record shows the judge considered the multitude of the individual sales, the magnitude of the operation and Howard's criminal activity and past criminal record. *Supp. Record* at 104.

■ Sentencing decisions rest within the sound discretion of the trial court and we will reverse on appeal only upon a showing of a manifest abuse of that discretion. *Sims v. State* (1992), Ind., 585 N.E.2d 271. When the trial court exercises its discretion to enhance a presumptive sentence, order sentences to be served consecutively, or

both, the record must identify relevant factors underlying the decision. *Saunders v. State* (1992), Ind., 584 N.E.2d 1087. In this case the record identifies the relevant factors considered by the trial court in ordering Howard's sentences to be served consecutively.

Finally, Howard's nine-year sentence is considerably less severe than the seventy-four-year sentence Defendant Beno received. We cannot say as a matter of law that no reasonable person could find Howard's nine-year sentence for dealing in marijuana inappropriate to that offense and the offender. Therefore, Howard's consecutive sentences must be affirmed.

Judgment affirmed.

BARTEAU, J., concurs.

BAKER, J., dissents with opinion.

BAKER, Judge, dissenting.

I firmly dissent to the majority's attempt to distinguish *Beno v. State* (1991), Ind., 581 N.E.2d 922. The crux of the *Beno* holding to reject the consecutive sentencing is quoted by the the majority. *See* Majority at 575–576. Here, the police sting operation has resulted in exactly what *Beno* predicted; a number of additional buys were made and used to hook Howard for additional crimes with each subsequent sale. Although the trial court cited sufficient aggravating factors to impose the maximum sentences on each of Howard's Class D felonies, as in *Beno,* the order to serve them consecutively is manifestly unreasonable.

Also, the fact that sentencing follows a guilty plea instead of a trial does not distinguish the case from *Beno. See Woodard v. State* (1993), Ind.App., 609 N.E.2d 1185.

I would follow the result in *Beno:* affirm the maximum sentences for the offenses in light of the aggravating factors supporting the enhancement, but reverse the consecutive sentencing and order concurrent sentences.