Jeffrey O. GREGORY, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 20A04–9309–CR–350.

Court of Appeals of Indiana, Fourth District.

Aug. 11, 1994.

Michael A. Dvorak, Hahn Walz Knepp Dvorak & Higgins, South Bend, for appellant.

Pamela Carter, Atty. Gen. of Indiana, Cynthia L. Ploughe, Deputy Atty. Gen., Indianapolis, for appellee.

CHEZEM, Judge.

*Case Summary*

Appellant-defendant Jeffrey O. Gregory ("Gregory") appeals his re-sentencing on four counts of Delivery of Cocaine, a class A felony. We remand again for re-sentencing.

*Issue*

Gregory presents two issues for review. We address only one because it is dispositive: Whether the trial court improperly failed to include in the record his consideration of the nature and circumstances of the crimes for which Gregory received four (4) consecutive thirty (30) year sentences.

*Facts and Procedural History*

On July 24, 1991, a jury found Gregory guilty of four counts of delivery of cocaine. The trial judge sentenced Gregory to thirty (30) years on each count, to be served consecutively, on August 22, 1991.

Gregory appealed his conviction and sentence. On December 22, 1992, the Court of Appeals affirmed Gregory's convictions and remanded the case to the trial court for a specific and individualized sentencing statement. *Gregory v. State* (1992), Ind.App., 604 N.E.2d 1240, *trans. denied.* The trial court held a hearing for re-sentencing on May 6, 1993. The judge imposed the same sentence.

*Discussion and Decision*

Gregory argues that the trial court did not consider or state for the record the nature and circumstances of the crime committed as

required by Indiana Code § 35–38–1–7.1. We agree.

■ Where the trial court imposes an enhanced or consecutive sentence, the record must reflect the court's consideration of the facts of the specific crime and the relation of the sentence to the objectives to be served by that sentence. Ind.Code § 35–38–1–7.1; *Sims v. State,* (1992), Ind., 585 N.E.2d 271, 272. The first time we addressed the issue of Gregory's consecutive sentences, we remanded the case, saying:

> We conclude that the sentencing court inadequately set forth the court's consideration of the facts of the specific crimes and the relation of the sentence to the objectives to be served by the 120 year sentence. We therefore remand with instructions to enter a specific and individualized statement to support consecutive sentences or to impose concurrent sentences.

*Gregory,* 604 N.E.2d at 1241.

■ At the first sentencing, the trial judge noted Gregory's criminal record and prior probation violation as aggravating circumstances. Unfortunately, at the re-sentencing, the trial judge merely described Gregory's criminal history in greater detail. He listed a probation violation, a failure to appear in court and Gregory's five (5) prior misdemeanor convictions. The court also found Gregory to be "in need of treatment at a correctional facility that can only be provided by his commitment to a penal facility." (Record at 26). Finally, the trial court's only mention of the specific crimes for which Gregory was being sentenced came when the the judge said that "imposition of a reduced sentence or concurrent sentences would depreciate the seriousness of the crime that the Defendant has committed." (Record at 26).

Although the trial judge did elaborate on the considerations he used in sentencing in some areas, such as the relation of the sentence to the objectives to be served by that sentence, his very limited statement concerning the nature and circumstances of the instant crime is not adequate. Because the trial judge did not completely follow our earlier directive, we must remand this case again for resentencing and we issue the same

instructions: the record must show a consideration by the judge of the *facts of the specific crime for which Gregory is being sentenced.*

Gregory also argues that the sentence he received was manifestly unreasonable. We must decline Gregory's invitation to evaluate the reasonableness of his sentence because we do not have a full record of the judge's sentencing considerations. We again remand for re-sentencing, consistent with this opinion.

Remanded for re-sentencing.

SHARPNACK, C.J., concurs.

RILEY, J., concurs in part and dissents in part with separate opinion.

RILEY, Judge, concurring in part and dissenting in part.

I concur with the majority to remand for re-sentencing; however, I do not agree with the majority opinion that requires a more specific and individualized sentencing statement. I would find the sentence to be manifestly unreasonable and remand with an order to sentence Gregory to concurrent sentences and not consecutive sentences.

Gregory was convicted of selling cocaine to the same undercover agents on four occasions within nine days. These facts are similar to *Beno v. State* (1991), Ind., 581 N.E.2d 922. Beno sold cocaine to the same police informant on two occasions four days apart. The supreme court said

> Beno was convicted of committing virtually identical crimes separated by only four days. Most importantly, the crimes were committed as a result of a police sting operation, Beno was hooked once … There is nothing that would have prevented the State from conducting any number of additional buys and thereby hook Beno for additional crimes with each subsequent sale.

*Beno* at 924.

Accordingly, the supreme court found that "because the crimes committed were nearly identical State-sponsored buys, consecutive sentences were inappropriate." *Id.*

 

I would find that consecutive sentences were inappropriate in this case and hold that such sentences shall be served concurrently.