**Gerald R. WEAVER, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

**No. 90A02–9601–CR–39.**

Court of Appeals of Indiana.

Jan. 15, 1997.

Transfer Denied March 11, 1997.

. . . .

John Pinnow, Greenwood, for Appellant–Defendant.

Pamela Carter, Attorney General, Lisa M. Paunicka, Deputy Attorney General, Indianapolis, for Appellee–Plaintiff.

## OPINION

HOFFMAN, Judge

Appellant-defendant Gerald R. Weaver brings this direct appeal from a judgment entered upon a guilty plea.

The facts most favorable to the trial court's judgment reveal that on May 19, 1993, Weaver sold two marijuana cigarettes to a confidential informant. On October 5, 1993, Weaver sold two more marijuana cigarettes to the same confidential informant. Based upon these sales, Weaver was charged by information with two counts of dealing in marijuana,[1] as Class D felonies, and one count of being an habitual offender.[2]

Although there was no formal plea agreement, Weaver pled guilty to the two counts of dealing in marijuana and to the habitual offender count. During his hearing, the trial court explained to Weaver that the court could enter any sentence it deemed appropriate, and determine whether the sentence would run consecutively or concurrently; however, the trial court stated that the maximum sentence that could be imposed upon Weaver would be ten and one-half years.

The trial court accepted Weaver's guilty plea and imposed enhanced consecutive sentences of three years' executed time on each of the two dealing in marijuana counts. Pursuant to Weaver's habitual determination, the trial court also enhanced both sentences

1.  *See* IND. CODE § 35–48–4–10 (1993 Ed.).

2.  *See* IND. CODE § 35–50–2–8 (1993 Ed.).

by four and one-half years and ordered the sentences to run consecutively, for a total of fifteen years.

Weaver raises the following issues on direct appeal of his guilty plea:

(1) whether the State presented a sufficient factual basis for the habitual offender determination;

(2) whether the imposition of consecutive sentences was manifestly unreasonable; and

(3) whether the trial court erred in ordering each of Weaver's dealing in marijuana counts enhanced by the habitual offender determination.

Weaver first argues that there was an insufficient factual basis for the habitual offender determination and that his habitual offender sentencing enhancements should be vacated. Weaver alleges that the State failed to present the date of commission of the prior felonies to establish that they were unrelated.

■ As the State points out in its brief, however, this issue is not properly before us and we cannot therefore resolve it on its merits. One consequence of pleading guilty is restriction of the ability to challenge the conviction on direct appeal. *Tumulty v. State*, 666 N.E.2d 394, 395 (Ind.1996). It is basic to and idiosyncratic in Indiana law that error premised upon a guilty plea must be brought by a petition for post-conviction relief under Ind. Rules of Procedure, Post–Conviction Rule 1. *Newton v. State*, 460 N.E.2d 1266, 1267 (Ind.Ct.App.1984). The rationale for this rule was explained in *Crain v. State*, 261 Ind. 272, 301 N.E.2d 751 (1973): "[T]he type and extent of evidentiary hearing afforded at a post-conviction proceeding is much broader than a hearing on a motion to correct errors and specifically designed to allow appellant an opportunity to establish the factual assertions he makes concerning his guilty plea." *Id.* at 273, 301 N.E.2d at 751–752. Weaver's appeal alleging an insufficient factual basis for his habitual offender determination on his guilty plea is therefore dismissed without prejudice to his right to raise the issue in a subsequent postconviction proceeding, if he so chooses.

Weaver next contends that because each of his convictions resulted from controlled buys that occurred within four months of each other and involved the same state-sponsored confidential informant, it was manifestly unreasonable to impose consecutive sentences. By contrast to the prohibition on appealing the trial court's acceptance of a plea, a defendant is entitled to contest the merits of a trial court's sentencing discretion. *Tumulty*, 666 N.E.2d at 396.

In reviewing a sentence for manifest unreasonableness, we first determine whether the sentence appears to be disproportionate, i.e., "manifestly unreasonable in light of the nature of the offense and the character of the offender." *Brewer v. State*, 646 N.E.2d 1382, 1386 (Ind.1995). If we determine that such manifest unreasonableness may be present, we must then determine whether "no reasonable person could find such sentence appropriate to the particular offense and offender." *Id.* If, and only if, we find such inappropriateness, will we revise a sentence in order to make it reasonable. *Id.* Sentencing is normally left to the sound discretion of the trial court. *Id.*

■ In support of his argument, Weaver relies, primarily, upon two cases, *Beno v. State*, 581 N.E.2d 922 (Ind.1991) and *Gregory v. State*, 644 N.E.2d 543 (Ind.1994), where consecutive sentences were held manifestly unreasonable. Weaver argues that the facts of his case are nearly identical and concludes that the imposition of consecutive sentences, pursuant to his agreement to plead guilty, was manifestly unreasonable.

In *Beno*, the defendant was convicted of two counts of dealing in cocaine based upon two sales to a police informant within a four-day period. The buys were virtually identical, involving the same type of drug and the same informant. The trial court enhanced both sentences to fifty years and ordered that they run consecutively. Our supreme court revised the sentence to two enhanced terms of fifty years, to run concurrently.

In concluding that the consecutive sentences were inappropriate and manifestly unreasonable, the supreme court stated:

Our decision does not question a trial judge's discretion to both aggravate a sentence to its maximum amount and determine that the sentences should run consecutively. We simply hold that, in this case, such sentencing is not appropriate. Beno was convicted of committing virtually identical crimes separated by only four days. Most importantly, the crimes were committed as a result of a police sting operation. As a result of this operation, Beno was hooked once. The State then chose to let out a little more line and hook Beno for a second offense. There is nothing that would have prevented the State from conducting any number of additional buys and thereby hook Beno for additional crimes with each subsequent sale. We understand the rationale behind conducting more than one buy during a sting operation, however, we do not consider it appropriate to then impose maximum and consecutive sentences for each additional violation. If Beno, for instance, had sold drugs to different persons, or if he had provided a different type of drug during each buy, the consecutive sentences imposed might seem more appropriate. Here, however, because the crimes committed were nearly identical State-sponsored buys, consecutive sentences were inappropriate.

*Beno*, 581 N.E.2d at 924.

In *Gregory*, the defendant was convicted of four counts of delivery of cocaine and sentenced to four consecutive terms of thirty years, for a total of 120 years. Our supreme court applied the reasoning of *Beno* and held that Gregory's sentence was manifestly unreasonable where the defendant sold the same type of drug to the same informant on several occasions over a short period of time. *Id.* at 546.

The instant case, however, is distinguishable from *Beno* and *Gregory* and should be governed by the reasoning set forth in *Howard v. State*, 626 N.E.2d 574 (Ind.Ct.App. 1993), *trans. denied.* In *Howard*, the defendant pled guilty to three counts of dealing in marijuana. This Court affirmed the imposition of the nine-year sentence finding that where the defendant entered a plea agreement knowing the court would have discretion as to sentencing, a three-year term of imprisonment on each of three counts for dealing in marijuana, to run consecutively, was not manifestly unreasonable.

Here, Weaver agreed to plead guilty to two counts of dealing in marijuana. Although there was no formal plea agreement, in return for Weaver's agreement to plead guilty, the State agreed to dismiss three other cases against Weaver. During the guilty plea hearing, Weaver was informed of the presumptive term of imprisonment for a Class D felony and the maximum penalty that could be imposed. Weaver was told that the court could aggravate or mitigate the sentences, and determine whether the sentences would run consecutively or concurrently. Furthermore, Weaver's sentence of fifteen years is considerably less severe than the seventy-four-year sentence the defendant received in *Beno* and the 120–year sentence the defendant received in *Gregory*. We cannot say, as a matter of law, that no reasonable person could find such sentence appropriate to this particular offense.

Weaver further argues that his consecutive sentences are manifestly unreasonable because: his felony convictions for dealing in marijuana were essentially Class A misdemeanors, raised to D felonies, because of Weaver's prior conviction for dealing in marijuana; his dealing in marijuana offenses involved no damage to person or property and there was no victim; his fifteen-year sentence for twice selling two marijuana cigarettes and for being an habitual offender is disproportionate to other offenses established by the legislature; and he extended a substantial benefit to the State by pleading guilty.

When a trial court exercises its discretion to enhance a presumptive sentence, orders sentences to be served consecutively, or both, the record must identify relevant factors underlying the decision. *Saunders v. State*, 584 N.E.2d 1087, 1088–1089 (Ind.1992). Our supreme court has emphatically stated that a trial judge should not be allowed to use the sentencing process as a method of sending a personal philosophical or political message. *See Beno*, 581 N.E.2d at 924 (where trial

court's objective in sentencing was to make an example of defendant).

■ Failure to find mitigating factors which are supported by the record may give rise to the belief that they were overlooked and not properly considered. *Hardebeck v. State*, 656 N.E.2d 486, 493 (Ind.Ct.App.1995), *trans. denied.* However, the trial court is not required to find the presence of a mitigating factor. *Id.* Further, the trial court is not required to agree with the defendant that a particular circumstance is a mitigating factor. *Id.*

At his guilty plea hearing, Weaver was informed that his Class A misdemeanors for dealing in marijuana would be enhanced to Class D felonies because he was found to have committed a prior, unrelated D felony that had been reduced to a Class A misdemeanor. At sentencing, the record demonstrates that the trial court considered the facts of Weaver's crime, the aggravating circumstances, and the lack of mitigating circumstances involved. The trial court justified its enhancement of Weaver's sentence with his extensive criminal history. The trial court adequately set forth the aggravating circumstances upon which it relied, and because the trial court is in the best position to determine these factors, we will not override its decision.

■ Weaver next argues that the trial court erred in enhancing both his dealing in marijuana counts by an habitual offender enhancement and ordering the sentences to be served consecutively. Our supreme court has held that it is proper for a court to enhance a sentence for aggravating circumstances and then add additional time to the sentence because of habitual offender status; enhance two sentences for aggravating circumstances and then require the two sentences to be served consecutively; and enhance a sentence on one count and order that a second count, enhanced by thirty years, be served consecutive to the first. *Starks v. State*, 523 N.E.2d 735, 736 (Ind.1988).

In *Starks,* where it was held that the sentencing court erred in imposing consecutive felony sentences, both of which were enhanced by thirty years on the grounds of habitual offender status, at single criminal trial, our supreme court stated that:

> [S]entencing courts [are statutorily granted] the power to order consecutive sentences in their discretion. The provision appears unlimited in scope, applying to the class of all sentences. Yet the power to order consecutive sentences is subject to the rule of rationality and the limitations in the constitution. The sentence enhanced under the habitual offender statute is a special statutory one. It can have the dramatic effect of increasing a single sentence from two years to half a lifetime. A basis for such a gross impact is the existence of the two prior unrelated felony convictions and sentences, and the dangerous nature of the offender which they bespeak. A basis for the gross impact which consecutive sentences may have is, by contrast, the moral principle that each separate and distinct criminal act deserves a separately experienced punishment. Furthermore the habitual offender status determination carries a more binding effect upon the sentence that [sic] does the determination of multiple criminal acts. Therefore, the purpose and process of the felony habitual offender statute has special and distinct dimensions.

*Id.* at 736–737. The court further stated that "[the relevant] statutes are silent on the question of whether courts have the authority to require habitual offender sentences to run consecutively, when engaged in the process of meting out several sentences. In the absence of express statutory authorization for such a tacking of habitual offender sentences, there is none." *Id.; see also, Webster v. State,* 628 N.E.2d 1212, 1214 (Ind.1994) (although trial court improperly enhanced all three of defendant's sentences based on three habitual offender counts, each of which relied on the same two underlying felonies, our supreme court would not remand cause for sentencing in light of fact that trial judge ordered the three sentences to be served concurrently).

At his sentencing hearing, Weaver received consecutive enhanced felony sentences, both of which were further enhanced by four and one-half years because of Weav-

er's habitual offender determination. Under the authority of *Starks*, however, the trial judge erred when he enhanced both of Weaver's sentences by reason of the habitual offender standing. This cause is remanded to the trial court for resentencing with instructions that the four and one-half year habitual offender enhancement apply to only one of the convictions.

Reversed and remanded.

GARRARD and STATON, JJ., concur.