# FOR PUBLICATION

ATTORNEY FOR APPELLANT:

**LISA M. TRAYLOR-WOLFF**
Logansport, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**ANDREW R. FALK**
Deputy Attorney General
Indianapolis, Indiana



FILED

Feb 26 2013, 8:58 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

PEDRO ALVAREZ,                        )
                                      )
    Appellant-Defendant,              )
                                      )
      vs.                           )    No. 09A02-1203-CR-241
                                      )
STATE OF INDIANA,                     )
                                      )
    Appellee-Plaintiff.               )

APPEAL FROM THE CASS SUPERIOR COURT
The Honorable Rick Maughmer, Judge
Cause No. 09D02-0403-FB-5

**February 26, 2013**

**OPINION – FOR PUBLICATION**

**PYLE, Judge**

## STATEMENT OF THE CASE

Pedro Alvarez ("Alvarez") appeals his convictions and sentence for two counts of Class B felony dealing in cocaine. [1]

We affirm in part, reverse in part and, remand.

## ISSUES

1. Whether the trial court erred in admitting a mug shot of Alvarez.

2. Whether the trial court's order of consecutive sentences for his convictions is appropriate.

## FACTS

In October of 2003, Kendall Kerschner ("Kerschner") contacted Detective Jeff Schnepp ("Detective Schnepp") of the Cass County Drug Task Force regarding the sale of crack cocaine by Alvarez. On February 25, 2004, Kerschner, acting as a confidential informant, along with other officers on the task force, conducted a controlled drug buy from Alvarez. Kerschner called Alvarez and arranged a meeting at Alvarez's apartment. Before leaving task force headquarters, Detective Schnepp searched Kerschner for any contraband and found none. Kerschner received buy money and was outfitted with an audio transmitter.

Detective Schnepp drove Kerschner to the area of Alvarez's apartment and dropped him off. Detective Schnepp then parked his vehicle in a spot where he was able to watch Kerschner enter and exit Alvarez's apartment. Kerschner gave Alvarez $150; in exchange, Alvarez gave Kerschner three rocks of crack cocaine. Kerschner returned to Dectective Schnepp's vehicle and gave him the cocaine.

---

[1] Ind. Code § 35-48-4-1.

On February 26, 2004, Detective Schnepp used Kerschner again as a confidential informant and conducted another controlled drug buy using the same procedures. Kerschner again gave Alvarez $80, and Alvarez gave Kerschner crack cocaine.

On March 1, 2004, the State charged Alvarez with two counts of dealing in cocaine, as Class B felonies. On May 10, 2006, a jury trial was held. Having received notice of the trial date, Alvarez failed to appear. In place of in-court identification, the State used a redacted mug shot of Alvarez. The jury found Alvarez guilty of both counts of dealing in cocaine.

Eventually, Alvarez was arrested in Mississippi and a sentencing hearing was held on February 27, 2012. Finding that the aggravating circumstances outweighed the mitigating circumstances, the trial court sentenced Alvarez to twenty (20) years executed on both counts, to be served consecutively in the Department of Correction.

DECISION

1. *Admissibility of Mug Shot*

Alvarez argues that the trial court erred in allowing the State to introduce his mug shot into evidence. Alvarez asserts that the manner in which the State admitted the photograph caused him undue prejudice. We disagree.

"Appellate review of admissibility determinations by the trial court is for abuse of discretion, and reversal is appropriate only where the decision is clearly against the logic and effect of the facts and circumstances." *Joyner v. State*, 678 N.E.2d 386, 390 (Ind. 1997). "Generally, evidence of a defendant's prior criminal history is highly prejudicial and is not admissible." *Boatright v. State*, 759 N.E.2d 1038, 1042 (Ind. 2001). "The

3

admission of a photo array or fingerprint evidence can lead jurors to conclude that a defendant has previously been arrested." *Id.* But, our Indiana Supreme Court has held that mug shots are admissible if they are not (1) unduly prejudicial and (2) if they have substantial independent probative value. *Wisehart v. State*, 693 N.E.2d 23, 47 (Ind. 1998). Further, we have held that where a defendant fails to appear at trial, the defendant's mug shot has substantial probative value for the purpose of proving identity. *See McHenry v. State* 401 N.E.2d 745, 749 (Ind. Ct. App. 1980), *trans. denied.*

Here, the State introduced the mug shot so that witnesses could identify Alvarez as the person who sold cocaine to the confidential informant. However, the Cass County Sheriff's Department only possessed a photograph of Alvarez from a prior arrest and not his current case. The mug shot was redacted to remove references to the prior arrest. We also note that neither the State nor its witnesses referred to the origin of the mug shot. In fact, the only implication that the photo came from a prior arrest arose through the questioning and argument of Alvarez's defense counsel. (Tr. 185, 227). Finally, had Alvarez simply appeared for his trial, there would have been no reason to admit the mug shot. With these facts and circumstances, we find no abuse of discretion with the trial court's admission of the mug shot.

2. *Inappropriate Sentence*

Alvarez also argues that his sentence was inappropriate. Here, we agree, and the State concedes, that Alvarez's sentence was inappropriate. In *Beno v. State*, 581 N.E.2d 922 (Ind. 1991), our Supreme Court held that where a defendant is convicted of multiple acts of dealing narcotics arising from sting operations contained in the same

4

investigation, maximum and consecutive sentences were not appropriate for each act. In these types of investigations, the State controls the number of opportunities presented to a defendant to engage in criminal conduct. As a result, "stacking" the individual counts has been deemed inappropriate. We held the same in *Rios v. State*, 930 N.E.2d 664 (Ind. Ct. App. 2010) (holding that consecutive sentences for two counts based on almost identical police-sponsored buys was inappropriate), and *Bell v. State*, 881 N.E.2d 1080 (Ind Ct. App. 2008), *trans denied* (holding that maximum consecutive sentences for three controlled buys in the same investigation was inappropriate).

"When we find an irregularity in the trial court's sentencing decision, we may remand to the trial court for a clarification or a new sentencing determination, or affirm the sentence if the error is harmless, or impose a proper sentence." *Rios*, 930 N.E2d at 669. We elect to impose a proper sentence pursuant to *Beno*; Alvarez's sentences shall run concurrently and not consecutively. All other aspects of the sentence are affirmed. We remand to the trial court with instructions to enter a new sentencing order and abstract of judgment consistent with this opinion.

Affirmed in part, reversed in part, and remanded.

FRIEDLANDER, J., and BROWN, J., concur.