**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Sep 30 2014, 10:02 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEYS FOR APPELLANT:

**PAUL M. BLANTON**
**JEFFREY K. BRANSTETTER**
Blanton, Branstetter, & Pierce, LLC
Jeffersonville, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**JESSE R. DRUM**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| LARRY TROIANI, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No.  13A01-1402-CR-81 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE CRAWFORD CIRCUIT COURT
The Honorable K. Lynn Lopp, Judge
Cause Nos. 13C01-1303-FB-1 and 13C01-1303-FB-2

**September 30, 2014**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**BAKER, Judge**

Larry Troiani appeals the sentence imposed following his convictions for two counts of Dealing in a Schedule I, II, or III Controlled Substance,[1] a class B felony. Troiani argues that the aggregate nine-year sentence is inappropriate in light of the nature of the offenses and his character. Finding that the sentence is not inappropriate, we affirm.

FACTS

Troiani had a prescription for Hydrocodone. He paid no money out of pocket for the medication; instead, the cost was covered by Medicare and Medicaid. On May 15, 2012, Troiani contacted a friend, who happened to be a confidential informant (CI) for the Indiana State Police, and offered to sell her his Hydrocodone pills. That day, he met the CI and Indiana State Police Officer Julie Schnell, and sold 120 Hydrocodone pills to the CI for $200. On June 11, 2012, Troiani again filled the Hydrocodone prescription. The next day, he met Officer Schnell in the same parking lot and sold her 120 pills for $200.

On March 8, 2013, the State charged Troiani with two counts of class B felony dealing in a schedule I, II, or III controlled substance.[2] On January 7, 2014, Troiani pleaded guilty to both counts. In exchange, the State agreed to concurrent sentences and that there would be a ten-year cap on Troiani's executed sentence. Following a hearing,

---

[1] Ind. Code § 35-48-4-2.

[2] The State filed two separate causes against Troiani. The two causes were dealt with simultaneously by the trial court and have been consolidated on appeal.

on January 28, 2014, the trial court sentenced Troiani to concurrent nine-year sentences for the two convictions. Troiani now appeals.

DISCUSSION AND DECISION

The sole argument Troiani raises on appeal is that the aggregate nine-year sentence is inappropriate in light of the nature of the offenses and his character. Indiana Appellate Rule 7(B) provides that this Court may revise a sentence if it is inappropriate in light of the nature of the offense and the character of the offender. We must "conduct [this] review with substantial deference and give 'due consideration' to the trial court's decision—since the 'principal role of [our] review is to attempt to leaven the outliers,' and not to achieve a perceived 'correct' sentence . . . ." Knapp v. State, 9 N.E.2d 1274, 1292 (Ind. 2014) (quoting Chambers v. State, 989 N.E.2d 1257, 1259 (Ind. 2013)) (internal citations omitted). Our Supreme Court has cautioned that "[a] defendant's conscious choice to enter a plea agreement that limits the trial court's discretion to a sentence less than the statutory maximum should usually be understood as strong and persuasive evidence of sentence reasonableness and appropriateness," and that following such an agreement, we should grant relief "only in the most rare, exceptional cases." Childress v. State, 848 N.E.2d 1073, 1081 (Ind. 2006) (Dickson, J., concurring).

Here, Troiani pleaded guilty to two class B felonies. The sentencing range for class B felonies is six to twenty years, with an advisory sentence of ten years. Ind. Code § 35-50-2-5. Therefore, the maximum penalty Troiani would have faced absent the plea

3

agreement would have been twenty years.[3] Or, had the trial court elected to impose consecutive advisory terms, Troiani would have faced an aggregate twenty-year sentence. Instead, he received an aggregate nine-year term—less than the advisory term for one class B felony.

Troiani admitted to filling two months of his Hydrocodone prescription, which was paid for by Medicare and Medicaid, and selling the medication to someone else. He does not have a significant criminal history. We acknowledge that neither the nature of the offenses nor Troiani's character are the worst of the worst—but he was not sentenced as if they were. We do not find that this is an outlier that needs to be leavened or that this is the rare, exceptional case meriting relief following a plea agreement. In sum, we do not find that the sentence is inappropriate in light of the nature of the offenses or Troiani's character.

The judgment of the trial court is affirmed.

KIRSCH, J., and ROBB, J., concur.

---

[3] While it might appear that his maximum aggregate sentence would be forty years, our Supreme Court has held that under these circumstances, consecutive sentences are inappropriate. Beno v. State, 581 N.E.2d 922, 924 (Ind. 1991) (holding that where the crimes committed were nearly identical State-sponsored buys, consecutive sentences were inappropriate). Consequently, the longest aggregate executed term Troiani faced was twenty years.