

FILED
Mar 11 2015, 10:20 am
CLERK
of the supreme court,
court of appeals and
tax court

| ATTORNEY FOR APPELLANT | ATTORNEYS FOR APPELLEE |
|---|---|
| P. Jeffrey Schlesinger | Gregory F. Zoeller |
| Appellate Public Defender | Attorney General of Indiana |
| Crown Point, Indiana | |
| | Richard C. Webster |
| | Deputy Attorney General |
| | Indianapolis, Indiana |

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Matthew Marcus, II, | March 11, 2015 |
| *Appellant-Defendant,* | Court of Appeals Case No. 45A03-1407-CR-230 |
| v. | Appeal from the Lake Superior Court |
| | The Honorable Clarence D. Murray, Judge |
| State of Indiana, | Cause No. 45G02-1011-MR-15 |
| *Appellee-Plaintiff* | |

**Bailey, Judge.**

# Case Summary

[1]     Matthew Marcus, II ("Marcus") challenges the thirty-five year sentence imposed upon his plea of guilty to Voluntary Manslaughter, as a Class A

felony.[1] He purportedly raises a single issue of whether the sentence is manifestly unreasonable. We strike the brief, reprimand Marcus's counsel, and remand for appointment of competent counsel to present a cogent argument on Marcus's behalf.

## Facts and Procedural History

The parties stipulated to the facts of the crime. On November 8, 2010, Marcus was at the residence of Tishwanda Reynolds ("Reynolds"). Reynolds refused Marcus's sexual advances and Marcus choked Reynolds to death, using both his hands and a belt.

Reynolds was charged with Murder, but reached a plea agreement with the State. On May 6, 2014, Marcus pled guilty to Voluntary Manslaughter. He received the maximum sentence possible under the terms of the plea agreement, that is, thirty-five years. Counsel was appointed to represent Marcus in this appeal.

## Discussion and Decision

At the outset, we observe that there are gross deficiencies in Marcus's appellate brief. Purportedly, a "manifestly unreasonable" sentence was imposed upon Marcus. Appellant's Brief at 1. As a standard of review, counsel offers pre-

---

[1] Ind. Code § 35-42-1-3. The offense is now a Level 2 felony.

2001 language of Indiana Appellate Rule 17(B), specifically: "A reviewing court will not revise a sentence authorized by statute except where such sentence is manifestly unreasonable in light of the nature of the offense and character of the offender." Appellant's Brief at 3. He further directs our attention to a quote from *Evans v. State*, 725 N.E.2d 850, 851 (Ind. 2000): "A sentence is *manifestly unreasonable* when it is clearly, plainly and obviously so." (emphasis added.)

[5] Counsel does not acknowledge that this Court may be asked to conduct an independent sentencing review pursuant to Indiana Appellate Rule 7(B). In the argument section of the brief, Counsel continues to refer to a sentence that, in his opinion, is "manifestly unreasonable" and he expresses what can best be described as his "belief" that the nature of the offense "should not have been treated" as an aggravating circumstance because one committing Voluntary Manslaughter is not acting under cool reflection. Appellant's Brief at 4-5. Finally, Counsel requests relief of this Court consisting of a determination that the sentence is "manifestly unreasonable" together with a remand for the imposition of a twenty-five year sentence.

[6] In 2008, Counsel represented Gregory Davis on appeal, raising two sentencing issues. *Davis v. State*, No. 45A03-0712-CR-557 (Ind. Ct. App. June 13, 2008). In part, Counsel argued that Davis's sentence was "manifestly unreasonable." Slip op. at 2. In companion footnotes, a panel of this Court reminded Counsel that the "manifestly unreasonable" standard is "incorrect and outdated" and directed Counsel to relevant authority, citing Indiana Appellate Rule 7(B) and

*Anglemyer v. State*, 868 N.E.2d 482, 491 (Ind. 2007), *clarified in part on other grounds*, 875 N.E.2d 218 (Ind. 2007). *Slip op. at 2, n.3-4.*

[7] In 2014, a panel of this Court was obliged to restate the issue presented for appeal and again admonished Counsel that the "manifestly unreasonable" standard is obsolete: "The 'manifestly unreasonable' standard for reviewing sentences and Appellate Rule 17(B) were replaced eleven years ago with the 'inappropriate' standard under Appellate Rule 7(B). We urge counsel to be more careful in the future in preparing briefs to this court." *English v. State*, No. 45A04-1306-CR-322, slip op. at 1, n.1 (Ind. Ct. App. Feb. 14, 2014).

[8] Again, in 2015, a panel of this Court responded to Counsel's "manifestly unreasonable" argument by re-iterating: "The Indiana Supreme Court replaced this standard over a decade ago. The applicable rule is now found in Indiana Appellate Rule 7(B)[.]" *Thompson v. State*, No. 45A04-1405-CR-243, slip op. at 2, n.1 (Ind. Ct. App. Jan. 7, 2015). As for the argument that the trial court was precluded from considering the nature and circumstances as an aggravator because the defendant was incapable of deliberation or premeditation when acting with sudden heat, the Court found the argument "entirely without merit." *Slip op.* at 2, n.3.

[9] Apparently oblivious to the direction of this Court and a decade of legal progression, Counsel yet again advocates for a review of his client's sentence under the manifestly unreasonable standard. He wholly fails to present a cogent argument with citation to relevant authority. It is within our authority

to strike the brief, order the return of attorney's fees, order Counsel to show cause why he should not be held in contempt of court, or refer the matter to the Supreme Court Disciplinary Commission. *See Keeney v. State*, 873 N.E.2d 187, 190 (Ind. Ct. App. 2007). We strike the brief and remand the matter to the trial court for appointment of competent counsel.

[10] Remanded with instructions.

Robb, J., and Brown, J., concur.