### In the matter of P. Jeffrey SCHLESINGER, Respondent.

### No. 45S00–1511–DI–655.

Supreme Court of Indiana.

March 21, 2016.

### Published Order Approving Statement of Circumstances and Conditional Agreement for Discipline

Pursuant to Indiana Admission and Discipline Rule 23(11), the Indiana Supreme Court Disciplinary Commission and Respondent have submitted for approval a "Statement of Circumstances and Conditional Agreement for Discipline" stipulating agreed facts and proposed discipline as summarized below.

**Stipulated Facts:** At all relevant times, Respondent practiced law as an appellate public defender in Lake County. Effective beginning January 1, 2003, Indiana Appellate Rule 7(B) changed a frequently-invoked standard of appellate sentencing review from "manifestly unreasonable" to "inappropriate." Despite this shift in sentencing review, in at least four appeals Respondent has continued to invoke the outdated "manifestly unreasonable" standard, including three appeals initiated more than a decade after that standard was replaced with the "inappropriate" standard. In each of the first three appeals, the Court of Appeals warned Respondent to cite the correct standard in future cases, but Respondent failed to heed these warnings. In the fourth appeal, after Respondent once again invoked the "manifestly unreasonable" standard, the Court of Appeals ordered the appellant's brief stricken and remanded the case to the trial court "for the appointment of competent counsel." *See Marcus v. State,* 27 N.E.3d 1134 (Ind.Ct.App.2015). Respondent was suspended without pay from his employment following the *Marcus* decision.

**Violations:** The parties agree that Respondent violated these Indiana Professional Conduct Rules prohibiting the following misconduct:

1.1: Failing to provide competent representation.

8.4(d): Engaging in conduct prejudicial to the administration of justice.

**Discipline:** The parties propose the appropriate discipline is a public reprimand. The Court, having considered the submissions of the parties and noting in particular the additional sanctions imposed upon Respondent as a result of his misconduct, now approves the agreed discipline and imposes **a public reprimand** for Respondent's misconduct.

The costs of this proceeding are assessed against Respondent. With the acceptance of this agreement, the hearing officer appointed in this case is discharged.

All Justices concur.