## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.

**FILED**

Nov 17 2016, 8:41 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court



ATTORNEY FOR APPELLANT

William T. Myers
Grant County Public Defender
Marion, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Ellen H. Meilaender
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Jesse Larry Dean Clem,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

November 17, 2016

Court of Appeals Case No.
27A02-1604-CR-915

Appeal from the Grant Circuit Court

The Honorable Mark Spitzer, Judge

Trial Court Cause No.
27C01-1503-FA-3

**Bailey, Judge.**

# Case Summary

[1] Jesse Larry Dean Clem ("Clem") was convicted of two counts of Child Molesting, as Class A felonies,[1] and was adjudicated to be a Habitual Offender.[2] He was sentenced to an aggregate term of imprisonment of seventy-five years, and now appeals.

[2] We remand for correction of the sentencing order.

# Issue

[3] Clem raises a single issue for our review: whether the trial court abused its discretion in determining aggravating and mitigating factors, and in its weighing thereof.

# Facts and Procedural History

[4] From 2003 to 2011, Clem lived off-and-on with his sometime-girlfriend, J.A., in a home in Marion. J.A. had a daughter from a prior relationship, A.A., who was born in 2000 and lived with J.A. until June 2011. J.A. and Clem produced three children, A.C., D.C., and B.C. These three children also lived with J.A.

---

[1] Ind. Code § 35-42-4-3(a). Clem's offenses were committed prior to the effective date of substantial revisions to Indiana's criminal statutes. We refer throughout to the statutory provisions applicable to Clem's offenses.

[2] I.C. § 35-50-2-8.

[5] Clem had a long history of alcohol abuse. During much of the time he lived with J.A. and the children through June 2011, Clem was unemployed and stayed home while J.A. worked. During the day, Clem would routinely consume alcohol to the point of intoxication. Alcohol consumption caused Clem to become angry, and Clem would routinely become verbally and physically aggressive toward A.A.

[6] During May and June of 2011, as the weather became hot, Clem would instruct A.A. not to wear clothing except for underwear and a bra. A.A. complied because she was afraid of Clem harming her. On several occasions, Clem had A.A. lie down in bed with him. He would then put his hands in her underwear and penetrate her genitalia with his finger.

[7] At some point in June 2011, Clem and J.A. had a disagreement, and Clem left the home. Around this time, A.A. left the home to live with her grandmother, where she remained after J.A. was arrested and incarcerated.

[8] In July 2014, C.G., A.A.'s aunt, had come to visit some of A.A.'s relatives. Based upon a conversation she had with A.C., C.G. asked A.A. questions that resulted in C.G. calling police. A police investigation ensued, and a warrant was issued for Clem's arrest.

[9] On March 27, 2015, the State charged Clem with two counts of Child Molesting, as Class A felonies. On February 8, 2016, the State alleged Clem to be a habitual offender. A bifurcated jury trial was conducted from February 22 to February 24, 2016, at the conclusion of which the jury found Clem guilty as

charged of the two counts of Child Molesting. A separate trial on the habitual offender allegation was conducted, at the conclusion of which the jury found Clem to be a habitual offender.

On April 1, 2016, a sentencing hearing was conducted. During the hearing, the trial court entered judgments of conviction against Clem and adjudicated him a habitual offender. At the close of the hearing, the court sentenced Clem to forty five years imprisonment for each of the two counts of Child Molesting, to be served concurrently, and with five years suspended to probation. The court ordered the sentence enhanced by thirty years as a result of the habitual offender adjudication.

This appeal ensued.

# Discussion and Decision

On appeal, Clem challenges only the trial court's sentencing decision, arguing that the trial court abused its discretion "when it failed to properly balance and identify mitigating and aggravating factors." (Appellant's Br. at 9.)

The Indiana Supreme Court's decision in *Anglemyer v. State* established the process by which our state's appellate courts review sentencing challenges:

> 1. The trial court must enter a statement including reasonably detailed reasons or circumstances for imposing a particular sentence.

2. The reasons given, and the omission of reasons arguably supported by the record, are reviewable on appeal for abuse of discretion.

3. The relative weight or value assignable to reasons properly found or those which should have been found is not subject to review for abuse.

4. Appellate review of the merits of a sentence may be sought on the grounds outlined in Appellate Rule 7(B).

*Anglemyer v. State*, 868 N.E.2d 482, 491 (Ind. 2007), *clarified on reh'g*, 875 N.E.2d 218. In light of the *Anglemyer* Court's holding, we do not address the portion of Clem's argument that challenges the trial court's weighing of sentencing factors.[3]

[14] Clem's remaining issue on appeal challenges the trial court's finding of aggravating and mitigating factors. "So long as the sentence is within the statutory range, it is subject to review only for abuse of discretion." *Id.* A trial court abuses its discretion if its sentencing decision is clearly against the logic and effect of the facts and circumstances before the court, or the reasonable, probable, and actual deductions to be drawn therefrom. *Id.* In sentencing a

---

[3] We note here that Clem's brief relies in part on *Patterson v. State*, 846 N.E.2d 723 (Ind. Ct. App. 2006), which sets forth the "manifest abuse of discretion" standard for reviewing the weighing of sentencing factors. We remind counsel that *Anglemyer*'s standards for appellate review are now nearly a decade old. The prior standard does not apply here, and should not have been used. *See Marcus v. State*, 27 N.E.3d 1134, 1135-36 (Ind. Ct. App. 2015) (striking an appellate brief when counsel used pre-*Anglemyer* standards after repeated admonition not to do so); *also In re Schlesinger*, 53 N.E.3d 417-18 (Ind. 2016) (imposing attorney discipline for repeated use of pre-*Anglemyer* standards after multiple warnings from this Court).

defendant, the trial court must enter "a sentencing statement that includes a reasonably detailed recitation of its reasons for imposing a particular sentence." *Id.* at 491. When a defendant argues on appeal that the trial court failed to identify or find a mitigating factor, the defendant must establish that the mitigating evidence is both significant and clearly supported by the record. *Id.* at 493. However, the trial court is not obligated to explain why it did not find a particular circumstance to be significantly mitigating. *Sherwood v. State*, 749 N.E.2d 36, 38 (Ind. 2001). Even when a trial court has abused its sentencing discretion, however, we will remand "if we cannot say with confidence that the trial court would have imposed the same sentence had it properly considered reasons that enjoy support in the record." *Anglemyer*, 868 N.E.2d at 491.

[15] Clem contends that the trial court abused its discretion when it rejected as a mitigating factor at sentencing his long history of substance abuse. A review of Clem's criminal history reveals that he has multiple convictions directly related to his history of substance abuse, including a conviction for possession of marijuana and multiple convictions for public intoxication and operating a vehicle while intoxicated. As in *Hape v. State*, upon which Clem relies, Clem "misses the point" of the trial court's decision not to find his history of substance abuse as a mitigating circumstance at sentencing. 903 N.E.2d 977, 1002 (Ind. Ct. App. 2009). Like Hape, Clem "has been involved with the criminal justice system … and a number of his convictions and charges stem from substance abuse or possession." *Id.* And while he provided evidence that he had previously engaged in rehabilitative efforts, he apparently failed benefit

from those rehabilitation resources and admitted during the presentencing investigation that he has an alcohol problem and used marijuana regularly until 2014. While a history of substance abuse can be a mitigating factor, the trial court was within its discretion in this case to find that Clem's substance abuse history was not a mitigating factor at sentencing.

[16] We address *sua sponte*, however, the use of the habitual offender enhancement in the trial court's sentencing order. "[W]hen defendants are convicted of multiple offenses and found to be habitual offenders, trial courts must impose the resulting penalty enhancement upon only one of the convictions and must specify the conviction to be so enhanced." *McIntire v. State*, 717 N.E.2d 96, 102 (Ind. 1999). If the trial court does not do so, we must remand to correct the sentence as it regards the habitual offender status. *Id.* Because it is not readily apparent to which of the two convictions for Child Molesting the habitual offender enhancement should be attached, we remand this case to the trial court for the sole purpose of correcting the sentencing order.

# Conclusion

[17] The trial court did not abuse its sentencing discretion when it did not find Clem's substance abuse to be a mitigating factor. But because the trial court did not identify which of the two convictions for Child Molesting was to be enhanced by the habitual offender adjudication, we remand with instructions to correct that facet of the sentencing order

Remanded.

Riley, J., and Barnes, J., concur.