Jeffrey O. GREGORY, Appellant
(Defendant Below),

v.

STATE of Indiana, Appellee
(Plaintiff Below).

No. 20S04–9412–CR–1209.

Supreme Court of Indiana.

Dec. 14, 1994.

Michael A. Dvorak, Hahn, Walz, Knepp, Dvorak and Higgins, South Bend, for appellant.

Pamela Carter, Atty. Gen., Cynthia L. Ploughe, Deputy Atty. Gen., Indianapolis, for appellee.

SHEPARD, Chief Justice.

As the result of a government sting operation, appellant Jeffrey Gregory was convicted of four counts of selling cocaine to the same police informant. The court sentenced him to the presumptive term of thirty years on each count, to be served consecutively. Consecutive sentences are not appropriate when the State sponsors a series of virtually identical offenses.

In early 1990, two officers from the Elkhart County Drug Task Force arranged for a former drug dealer to act as a police informant in a sting operation. The target was Jeffrey Gregory. Within the ten day period from February 26 to March 7, the informant made four separate purchases of approximately forty-two grams of cocaine from Gregory. Each transaction involved the same informant buying the same drug.

A jury eventually convicted Gregory on four counts of delivery of more than three grams of cocaine, a class A felony. Ind.Code Ann. § 35–48–4–1 (West Supp.1989). The trial court sentenced him to 120 years in prison.

The Court of Appeals upheld Gregory's convictions but found that "the sentencing court inadequately set forth the court's consideration of the facts of the specific crimes and the relation of the sentence to the objectives to be served by the 120 year sentence."[1] *Gregory v. State* (1992), Ind.App., 604 N.E.2d 1240, 1241. It remanded "with instructions to enter a specific and individualized statement to support consecutive sentences or to impose concurrent sentences." *Id.* at 1241–42.

On remand, the trial court again imposed the same sentence but expanded upon its explanation for the consecutive terms.[2] The

---

1. At sentencing, the trial court stated:
   The Court will order that the sentences imposed for the four counts or four cause numbers be served consecutive to one another, the Court finding as aggravating circumstances the five prior misdemeanor convictions, one of which was a felony delivery charge which was reduced to a misdemeanor, and the prior violation of probation offense.

R. at 548.

2. The court explained:
   I'll Order that the four above sentences be served consecutive to one another. The Court will specifically find as an aggravating circumstance that the Defendant previously violated his probation, under the charge in Elkhart County Court, Elkhart Division, Cause No. CR

Court of Appeals remanded once more, holding that the court's "very limited statement concerning the nature and circumstances of the instant crime is not adequate." *Gregory v. State*, 638 N.E.2d 845 (Ind.App. Aug. 11, 1994). We grant transfer and vacate the opinion of the Court of Appeals.

If a trial court finds aggravating or mitigating circumstances that justify variance from the presumptive sentence, the record must disclose "the court's reasons for selecting the sentence that it imposes." Ind.Code Ann. § 35–38–1–3 (West 1986). Among the factors a court may consider when enhancing a sentence or ordering consecutive terms are the following: (1) the person recently violated probation; (2) the person has a history of criminal or delinquent activity; (3) the person is in need of correctional or rehabilitative treatment that can best be provided by commitment to a penal facility; and (4) the imposition of a reduced sentence would depreciate the seriousness of the crime. Ind.Code Ann. § 35–38–1–7.1 (West Supp.1991).

■ A trial court must justify its enhancement of a sentence with more than a mere list of the aggravating circumstances. *Farina v. State* (1982), Ind., 442 N.E.2d 1104, 1106. The court must explain the reasoning and logic underlying its sentence. *Page v. State* (1981), Ind., 424 N.E.2d 1021; *Smith v. State* (1986), Ind., 491 N.E.2d 193. The sentencing court should (1) identify the significant aggravators and mitigators, (2) relate the specific facts and reasons which lead the court to find those aggravators and mitigators, and (3) demonstrate that it has balanced the aggravators against the mitigators

in reaching its sentence. *Slaton v. State* (1987), Ind., 510 N.E.2d 1343, *cert. denied*, —— U.S. ——, 113 S.Ct. 268, 121 L.Ed.2d 197 and —— U.S. ——, 113 S.Ct. 337, 121 L.Ed.2d 254 (1992).

■ In the instant case, the court gave a complete description of Gregory's probation violations and commented on the convictions underlying his probation. The court also discussed Gregory's prior criminal history at some length, including two failures to appear in the Elkhart County Court and five misdemeanor convictions. The court reasoned that taken singly the misdemeanors would not aggravate the sentence, but that collectively they demonstrated a "disregard for the law." R. at 71. Finally, the court stated generally that the defendant needed to be incarcerated and that reduced or concurrent sentences would depreciate the seriousness of the crimes. The court affirmatively and sufficiently articulated its reasons behind at least two of the aggravators. We conclude that the sentencing statement was adequate.

■ This does not end our inquiry. Gregory also claims that consecutive sentences for these offenses are manifestly unreasonable. We agree.

The Indiana Constitution expressly provides this Court with the power "to review and revise" sentences. Ind. Const. art VII, § 4. Because the trial court has the discretion to determine that aggravating circumstances call for an enhanced sentence or consecutive terms, *Jones v. State* (1992), Ind., 600 N.E.2d 544, we exercise this power sparingly.

4250, wherein he was charged with possession of marijuana, a Class B Felony, that was reduced to Class B misdemeanor. And that he thereafter violated the terms of his probation, and was subsequently unsatisfactory on July 2, 1988, discharged from probation.

Court will find as [an] aggravating circumstance the Defendant's failure to appear on charges in Elkhart County Court, Elkhart Division, wherein he was arrest[ed] on January 17, 1988 and failed to appear. And arrested on February 5, 1988, and failed to appear.

I don't believe the other misdemeanors that the Defendant has in his prior record in and of themselves are aggravating circumstances. But I believe taken collectively they show a disregard for the law, and collectively are an

aggravating circumstance. I think the Defendant has a history, as indicated by the presentence report in the other four prior misdemeanors, of a history of prior criminal activity. He's been charge[d] with a prior felony, was given a break, and that was reduced to a misdemeanor. As I indicated previously, the violated terms of that probation, and the break he was given by that Court.

I think the defendant is in need of treatment at a correctional facility that can only be provided by his commitment to a penal facility. And I believe the imposition of a reduced sentence or concurrent sentence would depreciate the seriousness of crimes that we have before us this day.

R. 70–71.

In a case with similar facts, we held consecutive sentences manifestly unreasonable where the state sponsors a series of offenses in a sting operation. *Beno v. State* (1991), Ind., 581 N.E.2d 922. In *Beno,* the defendant was convicted of selling cocaine to a police informant on two occasions within a four day period. The buys were virtually identical, involving the same drug and the same informant. The trial count enhanced both sentences to fifty years and ordered them to run consecutively. We revised the sentence to two enhanced terms of fifty years, to run concurrently. *Id.* at 924.

As in *Beno,* Gregory sold the same drug to the same informant on several occasions over a short period of time. Presumably, the police could have set up any number of additional transactions, each time adding an additional count against Gregory. While the police may find it necessary to conduct a series of buys, the trial court should be leery of sentencing a defendant to consecutive terms for each count. We hold that on these facts, a sentence of 120 years was inappropriate.

We understand and acknowledge the aggravating circumstances articulated by the trial court, however, and recognize that the court sought to enhance Gregory's term of imprisonment by ordering the sentences to run consecutively. Rather than remanding this case for a third sentencing hearing, we will exercise our constitutional authority to revise the sentence. *See Cooper v. State* (1989), Ind., 540 N.E.2d 1216. We remand with instructions to sentence Gregory to one enhanced term of fifty years for count I and three presumptive terms of thirty years for counts II, III, and IV, to run concurrently.

DeBRULER, GIVAN, DICKSON and SULLIVAN, JJ., concur.