ATTORNEY FOR APPELLANT
Jeremy K. Nix
Matheny, Hahn, Denman & Nix, LLP
Huntington, Indiana

ATTORNEYS FOR APPELLEE
Gregory F. Zoeller
Attorney General of Indiana

Karl M. Scharnberg
Deputy Attorney General
Indianapolis, Indiana

# In the
# Indiana Supreme Court



FILED
Mar 29 2016, 1:13 pm
CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

No. 90S02-1603-CR-157

RONALD L. ECKELBARGER,

*Appellant (Defendant below),*

v.

STATE OF INDIANA,

*Appellee (Plaintiff below).*

Appeal from the Wells Circuit Court, No. 90C01-1406-FB-5
The Honorable Kenton W. Kiracofe, Judge

On Petition to Transfer from the Indiana Court of Appeals, No. 90A02-1503-CR-188

**March 29, 2016**

**Per Curiam.**

Ronald Eckelbarger had been dating Rebecca Markley more than two years when Markley tested positive for methamphetamine, in violation of her probation. In order to avoid incarceration, Markley became a police informant. In that capacity, Markley provided Eckelbarger pseudoephedrine pills on both June 6 and June 13, 2014, and received methamphetamine in return

several hours later.  On June 14, 2014, officers executed a search warrant at Eckelbarger's home and recovered precursors for the manufacture of methamphetamine as well as evidence of previous manufacturing activity.  Eckelbarger was charged with and convicted of two counts of class B felony dealing in methamphetamine (by delivery) (Counts I and II), one count of class B felony dealing in methamphetamine (by manufacture) (Count III), and one count of class D felony possession of precursors with intent to manufacture methamphetamine (Count IV).[1]

The trial court sentenced Eckelbarger to sixteen years with four years suspended on each of Counts I and II, to be served concurrently.  The trial court sentenced Eckelbarger to sixteen years with four years suspended on Count III, and three years on Count IV, to run concurrently with each other but consecutive to the sentences on Counts I and II.  Eckelbarger thus received an aggregate sentence of thirty-two years, with eight years suspended to probation.

Eckelbarger appealed, and the Court of Appeals affirmed.  Eckelbarger v. State, --- N.E.3d ---, 2015 WL 8477835 (Ind. Ct. App. Dec. 10, 2015).  Judge Riley dissented in part, and would have revised Eckelbarger's sentence downward.  Eckelbarger seeks transfer, contending, among other things, that his aggregate thirty-two year sentence is inappropriate.

Even where a trial court has not abused its discretion in sentencing, the Indiana Constitution authorizes independent appellate review and revision of a trial court's sentencing decision.  *See* Ind. Const. art 7, §§ 4, 6; Anglemyer v. State, 868 N.E.2d 482, 491 (Ind. 2007).  Appellate courts implement this authority through Indiana Appellate Rule 7(B), which provides that we may revise a sentence if "after due consideration of the trial court's decision" we find "the sentence is inappropriate in light of the nature of the offense and the character of the offender."  Ind. Appellate Rule 7(B).

We have previously observed that "[c]onsecutive sentences are not appropriate when the State sponsors a series of virtually identical offenses."  Gregory v. State, 644 N.E.2d 543, 544 (Ind. 1994).  Consistent with this precedent, the trial court in this case ordered the sentences on Counts

---

[1] Respectively, Ind. Code § 35-48-4-1.1(a)(1)(C);  I.C. § 35-48-4-1.1(a)(1)(A); and I.C. § 35-48-4-14.5(e) (2008 Repl.).

I and II to be served concurrently. This same reasoning informs our deliberation and collective sentiment that, under the particular circumstances of this case, the sentences for Counts III and IV (dealing in methamphetamine by manufacture and possession of precursors)—convictions supported by evidence seized pursuant to a search warrant procured based on the dealing methamphetamine by delivery counts—should be served concurrently to the sentences on Counts I and II.

Pursuant to our authority under Appellate Rule 7(B), we find that an aggregate sentence of thirty-two years is inappropriate. Accordingly, we grant transfer and revise Eckelbarger's sentences on Counts III and IV to run concurrently with his sentences on Counts I and II, for an aggregate sentence of sixteen years. In all other respects we summarily affirm the Court of Appeals' decision. *See* Ind. Appellate Rule 58(A)(2). We remand this case to the trial court with instructions to enter a revised sentencing order consistent with this opinion.

Rush, C.J., and Rucker and David, JJ., concur.
Dickson and Massa, JJ., dissent, believing the extraordinary relief of appellate sentence revision is not warranted in this case.