## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Jun 06 2019, 7:38 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

R. Patrick Magrath
Alcorn Sage Schwartz & Magrath, LLP
Madison, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General

Courtney Staton
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Joshua L. Schumacher,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

June 6, 2019

Court of Appeals Case No.
19A-CR-30

Appeal from the
Jennings Circuit Court

The Honorable
Jonathan W. Webster

Trial Court Cause No.
40C01-1803-F3-4

**Vaidik, Chief Judge.**

# Case Summary

[1] Joshua L. Schumacher was convicted of two counts of dealing in methamphetamine, and the trial court ordered the sentences to be served consecutively. Schumacher now appeals, arguing that consecutive sentences are inappropriate because the convictions are for nearly identical State-sponsored buys. We agree that the sentences should run concurrently, so we return this matter to the trial court for the entry of a revised sentencing order and abstract of judgment.

# Facts and Procedural History

[2] On May 23 and 25, 2017, the North Vernon Police Department used a confidential informant to purchase methamphetamine in two separate controlled buys from Schumacher. The May 23 buy involved 5.77 grams, and the May 25 buy involved 3.41 grams. In both controlled buys, the same confidential informant made the arrangements for purchase in the same general area.

[3] Thereafter, the State charged Schumacher with the following: Count 1: Level 3 felony dealing in methamphetamine between five and ten grams (May 23); Count 2: Level 4 felony dealing in methamphetamine less than five grams (May 25); Count 3: Level 5 felony possession of methamphetamine between five and ten grams (May 23); and Count 4: Level 6 felony possession of methamphetamine less than five grams (May 25). Following a jury trial,

Schumacher was found guilty as charged. The trial court entered judgment of conviction on Counts 1 and 2 only and sentenced Schumacher to twelve years with two years suspended to probation on Count 1 and eight years with two years suspended to probation on Count 2. The court ordered the sentences to be served consecutively, for an aggregate term of twenty years, with sixteen years to serve and four years suspended to probation.

[4]     Schumacher now appeals his sentence.

## Discussion and Decision

[5]     Schumacher contends that his sentence is inappropriate and asks us to reduce it pursuant to Indiana Appellate Rule 7(B), which provides that an appellate court "may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." Among other things, Schumacher argues that his sentence is inappropriate because the trial court ordered the sentences on Counts 1 and 2 to run consecutively. The State acknowledges that "legal authority exists prohibiting the imposition of consecutive sentences for multiple controlled drug buys." Appellee's Br. p. 16. Indeed, the Indiana Supreme Court held in *Beno v. State* that consecutive sentences for "nearly identical State-sponsored buys" are inappropriate. 581 N.E.2d 922, 924 (Ind. 1991); *see also Eckelbarger v. State*, 51 N.E.3d 169, 170 (Ind. 2016); *Gregory v. State*, 644 N.E.2d 543, 544 (Ind. 1994), *reh'g denied*.

[6]     Here, Schumacher sold similar amounts of methamphetamine to the same confidential informant within a forty-eight-hour period. Because the State sponsored a series of virtually identical offenses, consecutive sentences are inappropriate. Therefore, the sentences on Counts 1 and 2 must be run concurrently, which will result in a total sentence of twelve years with two years suspended to probation.

[7]     To the extent Schumacher would argue that this revised sentence is inappropriate, we disagree. The sentencing range for a Level 3 felony is three to sixteen years with an advisory term of nine years. Here, the trial court sentenced him on Count 1 to twelve years with two years suspended to probation, which is an above-advisory sentence.

[8]     Although there is nothing notable about Schumacher's offenses here, and the State acknowledges that Schumacher does not have an extensive criminal history, he was previously convicted of a Class C felony burglary for which he was sentenced to seven years with three and half years suspended to probation. Schumacher ultimately violated the probation stemming from the burglary and was sent back to jail. Schumacher also has four misdemeanor convictions (operating a motor vehicle without ever receiving a license, illegal consumption of an alcoholic beverage, assisting a criminal, and public intoxication) and violated the terms of his probation in one of these cases. Given this criminal history and failure on probation, the above-advisory sentence in this instance is not inappropriate.

We remand this matter to the trial court for the entry of a revised sentencing order and abstract of judgment indicating that the sentences on Counts 1 and 2 will run concurrently.

Reversed and remanded.

Kirsch, J., and Altice, J., concur.