## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jun 21 2019, 6:28 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

R. Brian Woodward
Woodward Law Office, LLP
Crown Point, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

J.T. Whitehead
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Deandre Rashawn Bass,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | June 21, 2019<br><br>Court of Appeals Case No.<br>18A-CR-3028<br><br>Appeal from the Lake Superior Court<br><br>The Honorable Clarence D. Murray, Judge<br><br>Trial Court Cause No.<br>45G02-1701-MR-1 |

**Barteau, Senior Judge.**

# Statement of the Case

Deandre Rashawn Bass appeals from the sentence imposed after he pleaded guilty to one count of aggravated battery[1] as a Level 3 felony. Bass was sentenced to a term of fourteen years with twelve years executed and two years suspended to probation. We affirm.

# Issues

Bass presents the following issues for our review, which we restate as the following questions:

> I. Did the trial court abuse its discretion during sentencing by omitting a reason clearly supported by the record and advanced for consideration, or by considering and adopting reasons that are improper as a matter of law?

> II. Is Bass' sentence inappropriate in light of the nature of the offense and the character of the offender?

# Facts and Procedural History

On January 7, 2017, the State charged Bass with murder. On October 18, 2018, the State amended the information to add a charge of aggravated battery, a Level 3 felony, as a second count. That same day, the parties entered into a plea agreement in which Bass agreed to plead guilty to the aggravated battery

---

[1] Ind. Code § 35-42-2-1.5 (2014).

charge in exchange for the State dismissing the murder charge. The plea agreement left sentencing to the trial court's discretion. The trial court held the change of plea hearing on that date and took the agreement under advisement.

[3] The parties submitted to the court a stipulated factual basis in support of the agreement. The factual basis established that a few days prior to December 26, 2016, Bass and Courtney Hackett had an argument. On December 26, 2016, Angel Rivera was a passenger in a vehicle being driven by Hackett. Bass, who was in another vehicle, recognized Hackett's vehicle, and, experiencing continued anger with Hackett, he fired several shots at the vehicle. Rivera was struck and injured as a result of the shooting, and he later died while hospitalized for those injuries. Although Bass fired the shots at the vehicle intending to hurt and strike Hackett, he knew that his actions could seriously hurt or kill another person.

[4] The trial court sentenced Bass on November 20, 2018, to a term of fourteen years with twelve years executed and two years suspended to probation. The trial court found two aggravating circumstances and two mitigating circumstances, concluding that the aggravating circumstances outweighed the mitigating circumstances. Bass now appeals.

## Discussion and Decision

[5] We observe at the outset that Bass pleaded guilty to aggravated battery as a Level 3 felony. The sentencing range for a Level 3 felony is a fixed term of between three and sixteen years, with the advisory sentence being nine years.

Ind. Code §35-50-2-5(b) (2014). The trial court imposed a sentence that was enhanced from the advisory sentence, but less than the maximum sentence for the offense. Bass' challenge, because he has already pleaded guilty to the offense, is to the length of his sentence.

## I. Abuse of Discretion in Sentencing

Bass claims that the trial court abused its discretion during sentencing. Sentencing decisions lie within the sound discretion of the trial court. *Cardwell v. State*, 895 N.E.2d 1219, 1222 (Ind. 2008). An abuse of discretion occurs if the decision is "clearly against the logic and effect of the facts and circumstances before the court, or the reasonable, probable, and actual deductions to be drawn therefrom." *Gross v. State*, 22 N.E.3d 863, 869 (Ind. Ct. App. 2014) (citation omitted), *trans. denied*.

A trial court abuses its discretion in sentencing if it does any of the following:

> (1) fails 'to enter a sentencing statement at all;' (2) enters 'a sentencing statement that explains reasons for imposing a sentence—including a finding of aggravating and mitigating factors if any—but the record does not support the reasons;' (3) enters a sentencing statement that 'omits reasons that are clearly supported by the record and advanced for consideration;' or (4) considers reasons that 'are improper as a matter of law.'

*Id.* (quoting *Anglemyer v. State*, 868 N.E.2d 482, 490-91 (Ind. 2007), *clarified on reh'g other grounds*, 875 N.E.2d 218 (Ind. 2007)). What Bass asserts here is that the trial court abused its discretion by 1) failing to acknowledge Bass' youth as a mitigating factor; 2) enhancing Bass' sentence by citing Bass' prior contacts

with law enforcement in a general way; and 3) using an element of the offense to enhance Bass' sentence.

[8] First, Bass argues that the trial court failed to acknowledge his youth as a mitigating factor. Our Supreme Court in *Brown v. State*, 720 N.E.2d 1157, 1159 (Ind. 1999), stated that "[a] defendant's young age is to be given considerable weight as a mitigating circumstance." The Court also stated, however, while quoting *Carter v. State*, 711 N.E.2d 835-42 (Ind. 1999), that a defendant's youth, which is not listed as a statutory mitigating circumstance, is a significant mitigating circumstance *in certain situations*. *Id.* (emphasis added).

[9] Bass was eighteen years old at the time he committed the crime. During sentencing, the trial court stated the following:

> I'm finding in aggravation in this case, Mr. Bass' history of charges involving a handgun which is really troublesome at his age, one as a juvenile, one as an adult, two charges involving handgun[sic]–carrying a handgun without a license.
>
> * * * *
>
> Now, I note that he has no history of criminal convictions although one would not expect someone his age to have them. But as I indicated, he has had several run-ins with the law and unfortunately involving the possession of a handgun, and I find that to be aggravating.

Tr. Vol. III, pp. 16-17.

[10] The finding of mitigating factors is not mandatory and rests within the sound discretion of the trial court. *Flickner v. State*, 908 N.E.2d 270, 273 (Ind. Ct. App. 2009). Further, a trial court is not required to accept the defendant's arguments as to what constitutes a mitigating factor. *Id.* Additionally, a trial court is not obligated or required to give the same weight to a proffered mitigating factor as the defendant suggests it deserves. *Id.* It is the defendant's burden to show that the proposed mitigating circumstance is both significant and clearly supported by the record. *Rawson v. State*, 865 N.E.2d 1049, 1056 (Ind. Ct. App. 2007), *trans. denied.*

[11] Here, the trial court did acknowledge Bass' youth. This acknowledgement may not have been as formally and separately addressed as Bass would have liked, but the factor offered in mitigation was considered by the court, was not given the weight suggested by Bass, and the court was not obligated to accept Bass' request to find his youth to be a mitigating factor.

[12] Next, Bass argues that the trial court improperly considered and found as an aggravating circumstance that Bass had two previous incidents involving possession of a handgun without a license. One of those charges was as a juvenile, while the other was as an adult. Bass contends that the trial court's finding of his lack of criminal history as a mitigating circumstance prohibited the trial court from considering prior contacts with law enforcement, including those involving unlawful possession of a handgun, as an aggravating circumstance as well. Additionally, he argues that the trial court erred by

relying on a "bare recitation" of the charges contained in the presentence investigation report. Appellant's Br. p. 12.

[13] We observe that "[a] record of arrest, without more, does not establish the historical fact that a defendant committed a criminal offense and may not be properly considered as evidence of criminal history." *Cotto v. State*, 829 N.E.2d 520, 526 (Ind. 2005). "However, a record of arrest, particularly a lengthy one, may reveal that a defendant has not been deterred even after having been subject to the police authority of the State." *Id.* "Such information may be relevant to the trial court's assessment of the defendant's character in terms of the risk that he will commit another crime." *Id.* Of course, the character assessment is part of our Indiana Appellate Rule 7(B) analysis that follows. Nonetheless, the trial court's acknowledgement of the mitigating factor of Bass' lack of a criminal history, even when viewed in conjunction with the finding that his prior contacts with the law was an aggravating circumstance, is not an abuse of discretion.

[14] As a final challenge, Bass contends that the trial court abused its discretion by using an element of the offense to enhance Bass' sentence. Bass pleaded guilty to aggravated battery as a Level 3 felony. In order to establish that Bass committed this offense, the State was required to prove, in pertinent part, beyond a reasonable doubt that Bass knowingly or intentionally inflicted injury on a person that created a substantial risk of death. Ind. Code § 35-42-2-1.5 (2014). Bass pleaded guilty to the elements of this offense and stipulated to the facts supporting the conviction.

[15] During the sentencing hearing, the trial court stated as follows:

> The Court finds the nature and circumstances of the crime to be a significant aggravated factor as well. This was essentially a wanton act of violence, an ambush involving the use of a handgun in which someone was killed, someone very special was killed. This was just a horrendous act. There's no other way to characterize it. An innocent person lost their life because Mr. Bass decided to be a vigilante. That's what we have here.

Tr. Vol. III, pp. 16-17.

[16] The applicable version of the statute at the time of Bass' sentencing provided as follows:

> In determining what sentence to impose for a crime, the court may consider the following aggravating circumstances:
>
> (1) The harm, injury, loss, or damage suffered by the victim of an offense was:
>
> (A) significant; and
>
> (B) greater than the element necessary to prove the commission of the offense.

Ind. Code § 35-38-1-7.1 (2015). "While a material element of a crime may not also constitute an aggravating circumstance to support an enhanced sentence, the court may look to the particularized circumstances of the criminal act." *Ellis v. State*, 707 N.E.2d 797, 804-05 (Ind. 1999).

[17] Moreover, Indiana Rule of Evidence 101(d)(2) specifically provides that the Rules of Evidence do not apply in sentencing hearings. Additionally, Bass did not object to the trial court's characterization of the nature and circumstances of the crime. *See Jackson v. State*, 712 N.E.2d 986, 988 (Ind. 1999) (A defendant is limited on appeal to the grounds advanced at trial and may not raise a new ground for objection for the first time on appeal.).

[18] On appeal, however, he asserts that the trial court abused its discretion by describing the incident as an "ambush" and "a wanton act of violence," carried out by someone who "decided to be a vigilante." Tr. Vol. III, pp. 16-17.

[19] Here, Bass stipulated to a fact that was greater than that necessary to establish the commission of aggravated battery, namely, Rivera's death as a result of injuries he received after Bass fired shots from a handgun at Hackett's vehicle, in which Rivera was the passenger, while it was stopped at an intersection. Further, trial courts are required to enter sentencing statements whenever imposing a sentence for a felony offense. *Anglemyer*, 868 N.E.2d at 490. That statement must include a reasonably detailed recitation of the trial court's reasons for imposing a particular sentence. *Id.* When aggravating and mitigating circumstances are found, the statement must identify and explain why each circumstance has been found as such. *Id.*

[20] The presentence investigation report referred to the sworn probable cause affidavit detailing the events of the crime. Information contained in the probable cause affidavit supports the trial court's recitation of facts in

explanation of why the nature and circumstances of the crime was an aggravating factor. The trial court did not abuse its discretion on this basis.

[21] As courts on review have stated, even a single aggravating circumstance may be sufficient to support imposition of an enhanced sentence. *Thacker v. State*, 709 N.E.2d 3, 10 (Ind. 1999). We conclude that the trial court did not abuse its discretion in sentencing Bass.

## II. Inappropriate Sentence

[22] Bass also challenges his sentence under Indiana Appellate Rule 7(B). "Even when a trial court imposes a sentence within its discretion, the Indiana Constitution authorizes independent appellate review and revision of this sentencing decision." *Hoak v. State*, 113 N.E.3d 1209, 1209 (Ind. 2019) (citing Ind. Const. art. 7, §§ 4, 6; *Eckelbarger v. State*, 51 N.E.3d 169, 170 (Ind. 2016)). "Indiana appellate courts may revise a sentence if 'after due consideration of the trial court's decision' they find 'the sentence is inappropriate in light of the nature of the offense and the character of the offender.'" *Id*. (quoting Ind. Appellate Rule 7(B)). We emphasize that this analysis is limited to "not whether another sentence is more appropriate; rather, the question is whether the sentence imposed is inappropriate." *King v. State*, 894 N.E.2d 265, 268 (Ind. Ct. App. 2008) (citing *Fonner v. State*, 876 N.E.2d 340, 343 (Ind. Ct. App. 2007)). The defendant bears the burden of persuading the appellate court that "his or her sentence has met this inappropriateness standard of review." *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006).

[23] While appellate courts apply our power under Rule 7(B) sparingly, we may revise sentences, "when certain broad conditions are satisfied." *Taylor v. State*, 86 N.E.3d 157, 165 (Ind. 2017) (quoting *Rice v. State*, 6 N.E.3d 940, 947 (Ind. 2014)). The Supreme Court stated that "[s]entence appropriateness thus turns on 'myriad. . .factors that come to light in a given case." *Id*. (quoting *Cardwell*, 895 N.E.2d at 1224). "We begin this analysis with 'substantial deference to the trial court's sentence' then 'independently examine' the defendant's offenses and character." *Id*. (quoting *Satterfield v. State*, 33 N.E.3d 344, 355 (Ind. 2015)).

[24] "The nature of the offense is found in the details and circumstances of the commission of the offense and the defendant's participation." *Perry v. State*, 78 N.E.3d 1, 13 (Ind. Ct. App. 2017). The stipulated facts reveal that Bass and Hackett had an argument two days prior to the shooting. Bass later recognized Hackett's car and fired shots into it intending to hurt and strike Hackett. However, he was aware that his actions could result in hurting or killing another. Hackett's passenger, Rivera, died from his injuries after being struck by shots fired by Bass. In sum, a person not involved in the prior argument lost his life as a result of unresolved tension from an argument occurring two days in the past. Bass endangered Hackett, Rivera, and potentially numerous other drivers.

[25] We now turn to Bass' character. We note that prior attempts to rehabilitate Bass' behavior were unsuccessful. After Bass was sentenced to probation with conditions for his juvenile adjudication for carrying a handgun without a license, he was found to have violated his probation and was committed to the

Lake County Juvenile Center for a period of time and to remain on probation. He was found to have violated his probation yet another time due to the commission of another offense.

[26] We conclude that Bass has not convinced us that his sentence is inappropriate in light of the nature of the offense or the character of the offender.

# Conclusion

[27] In light of the foregoing, we conclude that the trial court did not abuse its discretion when sentencing Bass. In addition, Bass' sentence is not inappropriate in light of the nature of the offense or the character of the offender.

[28] Affirmed.

Najam, J., and Pyle, J., concur.