## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Apr 09 2020, 10:16 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Donald E.C. Leicht
Peru, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Justin F. Roebel
Supervising Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Marcus Noy,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

April 9, 2020

Court of Appeals Case No.
19A-CR-2787

Appeal from the Howard Superior Court

The Honorable William C. Menges, Jr., Judge

Trial Court Cause No.
34D01-1707-F2-820

**Crone, Judge.**

# Case Summary

After a jury trial, Marcus Noy was convicted of level 2 felony dealing in cocaine and level 3 felony possession of a narcotic drug. The trial court imposed consecutive sentences totaling forty-six years. In his second appeal in this matter, Noy argues that the trial court erred in denying his counsel's motion to withdraw and in sentencing him. We affirm.

# Facts and Procedural History

The memorandum decision in Noy's first appeal recites the following facts:

> In June 2017, Noy was a long-term guest at the Baymont Inn in Kokomo. While cleaning his room, a housekeeper observed on the nightstand a bag containing a white powdered substance. The housekeeper contacted the hotel manager, who found in the room another bag containing a white powered substance. The manager contacted law enforcement officials, who obtained a warrant to search the room. During the search, law enforcement officials found 296 grams of compressed heroin, 52 grams of cocaine, a digital scale covered in white residue, Noy's credit card that also had a white residue on it, and a cutting agent.
>
> The State charged Noy with Count 1, Level 2 felony dealing in a narcotic drug (heroin); Count 2, Level 2 felony dealing in cocaine; Count 3, Level 3 felony possession of a narcotic drug (heroin); and Count 4, Level 3 felony possession of cocaine. Private counsel ("private counsel") represented Noy at trial. A jury convicted Noy of Level 2 felony dealing in cocaine, Level 3 felony possession of a narcotic drug, and Level 3 felony possession of cocaine, and acquitted him of Level 2 felony dealing in a narcotic drug.
>
> In February 2019, after the trial, but before the sentencing

hearing, Noy sent a letter to the trial court. In the letter, Noy explained that although he had paid private counsel to represent him, counsel was "the reason why [Noy] was found guilty." According to Noy, counsel "did none of the things [Noy had] asked." Specifically, Noy explained that he had asked counsel "to file a suppression motion about the hotel maids entering [his] room illegally and about hotel policy about the maids cleaning a room that [was] occupied." Noy, who believed that he would not have been convicted had the motion been filed, asked the trial court to appoint a public defender for the sentencing hearing.

In response to Noy's letter, private counsel filed a motion to set a counsel status hearing, which the trial court granted. At the hearing, private counsel told the trial court that based on Noy's letter, private counsel believed that there had been a breakdown in the attorney and client relationship. Private counsel tendered a motion to withdraw his appearance. The State took no position on the motion. The trial court explained that Noy did not have the right to have a public defender appointed for the sentencing hearing "simply because [he did not] like the way that [private counsel had] handled the trial." The trial court further explained that there had "been absolutely nothing that the Court ha[d] seen to show that [private counsel was] either ineffective or unethical or violated anything else." According to the trial court, it "s[aw] no reason to discharge [private counsel] simply because [Noy …] didn't like the outcome of the trial." The trial court instructed Noy to choose whether he wanted to represent himself or be represented by private counsel. After some discussion, Noy decided that he wanted to proceed with private counsel at the sentencing hearing. Accordingly, the trial court denied private counsel's motion to withdraw, and private counsel represented Noy at the sentencing hearing the following day.

After hearing testimony at the sentencing hearing, the trial court vacated the conviction for Level 3 felony possession of cocaine for double jeopardy reasons. Thereafter, the trial court orally

sentenced Noy to thirty (30) years executed for [the] Level 2 felony dealing cocaine conviction and sixteen (16) years for the Level 3 felony possession of a controlled substance conviction. The trial court ordered the sentences to run consecutively to each other and suspended the sixteen (16) year sentence to supervised probation.

A few days later, the trial court issued a written sentencing order wherein it sentenced Noy to thirty (30) years executed for the Level 2 felony dealing cocaine conviction and sixteen (16) years for the Level 3 possession of a controlled substance conviction. However, the trial court ordered the sixteen (16) year sentence to be served in the Department of Correction rather than on probation.

*Noy v. State*, No. 19A-CR-820, 2019 WL 5588850, at *1-2 (Ind. Ct. App. Oct. 30, 2019) (record citations omitted) (most alterations in original).

[3] Noy requested and was appointed an appellate public defender, who raised the following issues: (1) whether the trial court erred in denying Noy's counsel's motion to withdraw; (2) whether the case should be remanded to clarify his sentence; (3) whether the trial court erred in imposing consecutive sentences; and (4) whether his sentence is inappropriate. Another panel of this Court found that Noy waived the first issue by failing to present a cogent argument, but found no error, waiver notwithstanding. The panel granted Noy's request to remand for clarification of his sentence and therefore did not address the two remaining issues. Noy did not seek rehearing or transfer.

[4] On remand, the trial court issued an amended sentencing order that reads in pertinent part as follows:

The Defendant is now sentenced on Count 2, to the Indiana Department of Correction for a period of 30 years or 10,950 days, executed.

On Count 3, the Defendant is sentenced to the Indiana Department of Correction for a period of 5,840 days, all of which is Ordered Suspended, to be served on Supervised Probation.

The sentence imposed in Count 3 and the sentence imposed in Count 2, shall be served consecutively, that is one after the other.

Appealed Order at 1-2. Noy filed a second appeal.

# Discussion and Decision

## Section 1 – Noy's challenge to the denial of his counsel's motion to withdraw is barred by the law of the case doctrine.

In this appeal, Noy is represented by the same public defender, who has raised three of the same issues that were raised in the first appeal, including whether the trial court erred in denying Noy's counsel's motion to withdraw. That issue has already been decided against Noy, and we agree with the State that it is barred by the law of the case doctrine. *See Hopkins v. State*, 782 N.E.2d 988, 990 (Ind. 2003) ("The law of the case doctrine mandates that an appellate court's determination of a legal issue binds the trial court and ordinarily restricts the

court on appeal in any subsequent appeal involving the same case and relevantly similar facts.").[1]

## Section 2 – The trial court did not abuse its discretion in imposing consecutive sentences.

Next, Noy argues that the trial court erred in imposing consecutive sentences on counts 1 (dealing in cocaine) and 2 (possession of a narcotic drug, i.e., heroin). "Sentencing determinations are within the trial court's discretion and will be reversed only for an abuse of discretion." *Harris v. State*, 964 N.E.2d 920, 926 (Ind. Ct. App. 2012), *trans. denied*.[2] "An abuse of discretion occurs when the trial court's decision is clearly against the logic and effect of the facts and circumstances before the court, or the reasonable, probable, and actual deductions to be drawn therefrom." *Id.*

Noy relies primarily on a case in which our supreme court reiterated that "'[c]onsecutive sentences are not appropriate when the State sponsors a series of virtually identical offenses[,]'" i.e., engages in multiple controlled buys.

---

[1] We remind Noy's counsel that "[a] lawyer shall not bring or defend a proceeding, or assert or controvert a issue therein, unless there is a basis in law and fact for doing so that is not frivolous, which includes a good faith argument for an extension, modification or reversal of existing law." Ind. Prof. Conduct Rule 3.1. The State observes that "Noy raises almost verbatim the same argument with no additional effort to support his claim." Appellee's Br. at 11-12.

[2] Noy's counsel invokes the "manifestly unreasonable" standard of sentencing review, which is improper for two reasons. First, this standard was replaced with the "inappropriate" standard in Indiana Appellate Rule 7(B) effective January 1, 2003. *In re Schlesinger*, 53 N.E.3d 417, 417 (Ind. 2016). In *Schlesinger*, our supreme court issued a public reprimand to an attorney who persisted in invoking the outdated standard. Second, Noy's argument is actually a claim that the trial court abused its discretion, rather than a claim that his sentence is inappropriate in light of the nature of the offenses and his character pursuant to Appellate Rule 7(B). These are separate analyses. *King v. State*, 894 N.E.2d 265, 267 (Ind. Ct. App. 2008).

*Eckelbarger v. State*, 51 N.E.3d 169, 170 (Ind. 2016) (quoting *Gregory v. State*, 644 N.E.2d 543, 544 (Ind. 1994)).[3] But that is not what happened here; hotel employees alerted police that they had found two bags containing white powder in Noy's room, and a search of the room uncovered over ten ounces of heroin and almost two ounces of cocaine. Noy's reliance on *Eckelbarger* is misplaced, and he cites no pertinent authority to support his argument. Consequently, he has failed to establish an abuse of discretion.

## Section 3 – Noy has waived any argument regarding the appropriateness of his sentence.

Finally, Noy contends that his sentence is "contradictory, illegal, and inappropriate." Appellant's Br. at 13.[4] To the extent that Noy's contention may be interpreted as an argument that his sentence is inappropriate in light of the nature of the offenses and his character pursuant to Indiana Appellate Rule 7(B), we find that argument waived. He merely acknowledges that using and dealing drugs "is nasty" and that he "has a history of both," as well as "six or seven felony convictions …." *Id*. at 14. An appellant bears the burden of demonstrating that his sentence is inappropriate, *Baumholser v. State*, 62 N.E.3d 411, 418 (Ind. Ct. App. 2016), *trans. denied* (2017), and Noy's perfunctory

---

[3] We note that the *Gregory* court used "not appropriate" in the sense of "improper," as the "inappropriate" standard of review was not incorporated into Appellate Rule 7(B) until 2003. The same term was also used in *Beno v. State*, 581 N.E.2d 922, 924 (Ind. 1992), another multiple-controlled-buy case on which Noy relies.

[4] Now that the trial court has amended its sentencing order, we fail to see how Noy's sentence is contradictory.

argument has failed to meet that burden here. *See Williams v.* State, 631 N.E.2d 485, 489 (Ind. 1994) (finding "perfunctory" sentencing argument waived). Accordingly, we affirm.

[9] Affirmed.

Bailey, J., and Altice, J., concur.