# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.

FILED
Nov 05 2020, 8:46 am
CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court



ATTORNEY FOR APPELLANT

Elizabeth A. Flynn
Braje, Nelson & Janes, LLP
Michigan City, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Angela N. Sanchez
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Omar Dominguez,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | November 5, 2020<br><br>Court of Appeals Case No.<br>19A-CR-387<br><br>Appeal from the<br>La Porte Circuit Court<br><br>The Honorable<br>Thomas J. Alevizos, Judge<br><br>Trial Court Cause No.<br>46C01-1603-F4-194 |

**Kirsch, Judge.**

[1] Omar Dominguez ("Dominguez") was convicted after a jury trial of one count of dealing in cocaine or narcotic drug[1] as a Level 4 felony and two counts of dealing in cocaine or narcotic drug,[2] each as a Level 5 felony. He was sentenced to a nine-years executed. Dominguez appeals and raises two issues challenging his sentence. Because the sentencing statement is not clear on how the nine-year sentence is applicable to the three convictions, we remand for clarification of the sentencing statement.

## Facts and Procedural History

[2] On September 9, October 6, and October 28, 2015, law enforcement officers in La Porte County, who were part of a multi-department anti-drug task force, utilized confidential informant 692 ("CI 692") to purchase cocaine from Dominguez through three separate transactions. *Tr. Vol. II* at 118-21, 123-42. Prior to each transaction, law enforcement would meet CI 692 at a predetermined location, conduct a pre-buy briefing, search CI 692's vehicle and person for drugs and money, outfit CI 692 with a disguised video and audio recording device, and provide CI 692 with pre-recorded U.S. currency for the drug purchase. *Id.* at 122-23. For each transaction, CI 692 was followed by law enforcement from the meeting location to Dominguez's residence, and CI 692 was under constant surveillance during the entire drive. *Id.* at 125. Once the

---

[1] *See* Ind. Code § 35-48-4-1(a), (c)(1).

[2] *See* Ind. Code § 35-48-4-1(a).

transaction had occurred, and CI 692 had purchased cocaine from Dominguez, CI 692 would get back into his vehicle and drive back to the same pre-determined meeting location, at which time he would be searched, the purchased cocaine would be seized by law enforcement officers, and the recording device was retrieved so that the footage could be downloaded. *Id*. at 129, 133-34, 137-38.

[3] At the September 9, 2015 drug buy, CI 692 purchased 3.6 grams of cocaine from Dominguez. *State's Exs*. 2A, 2B; *Tr. Vol. II* at 139-40. At the October 6, 2015 drug buy, CI 692 purchased 1.0 grams of cocaine from Dominguez. *State's Exs*. 3A, 3B; *Tr. Vol. II* at 139-40. During the October 28, 2015 drug buy, CI 692 purchased 1.2 grams of cocaine from Dominguez. *State's Exs*. 4A, 4B; *Tr. Vol. II* at 139-40. Dominguez was identified as the individual selling cocaine to CI 692 on each occasion. *Tr. Vol. II* at 124-42; *State's Exs*. 5-8.

[4] On March 1, 2016, the State charged Dominguez with one count of Level 4 felony dealing in cocaine or narcotic drug and two counts of Level 5 felony dealing in cocaine or narcotic drug. *Appellant's App. Vol. II* at 15-17. On March 5 and 6, 2018, a jury trial was held. *Id*. at 43-47. Dominguez failed to appear at trial and was tried in absentia. *Id*. At the conclusion of the jury trial, Dominguez was found guilty as charged. *Tr. Vol. III* at 29. A warrant was issued for Dominguez's arrest, and he was apprehended on July 24, 2018. *Appellant's App. Vol. II* at 48-51.

[5] On October 17, 2018, the sentencing hearing was held. The trial court found the following aggravating circumstances: (1) Dominguez's prior criminal history; (2) his recent violation of probation; (3) his commission of subsequent crimes; and (4) the fact that he was a fugitive and did not attend his trial. *Tr. Vol. III* at 62. The trial court found no mitigating circumstances and specifically rejected Dominguez's proffered mitigation argument that incarceration would be a hardship on his dependents, reasoning that nothing supported that the burden was undue and rose to the status of a mitigating circumstance. *Id*. at 61-62. In its oral sentencing statement, the trial court stated: "The aggravating factors outweigh the mitigating factors. The Court sentences the defendant to a determinant [sic] sentence of nine years in the Indiana Department of Correction." *Id*. at 62. In its written judgment of conviction and sentencing order, the trial court stated that

> Dominguez shall be committed to the custody of the Indiana Department of Correction for a period of three (3) years on Count I - Dealing in Cocaine or a Narcotic Drug, Level 4 Felony; [Dominguez] is sentenced to three (3) years on Count II - Dealing in Cocaine or a Narcotic Drug, Level 5 Felony, and to three (3) years on Count III - Dealing in Cocaine or a Narcotic Drug, Level 5 Felony. Said sentence shall be served consecutively.

*Appellant's App. Vol. II* at 75. Dominguez now appeals.

# Discussion and Decision

[6] Dominguez raises two issues regarding his sentence, that his sentence is inappropriate in light of the nature of the offenses and his character and that the trial court abused its discretion by not considering certain mitigating circumstances in sentencing him. As to his inappropriateness argument, Dominguez poses two different challenges, one of which is that his nine-year sentence is inappropriate because the trial court ordered his sentences to be served consecutively, which violated established case law set out in *Beno v. State*, 581 N.E.2d 922 (Ind. 1991) and its progeny.

[7] In *Beno*, our Supreme Court found that, although the trial court properly sentenced Beno to the maximum term on each count, the trial court erroneously ordered the sentences to be served consecutively because the Court noted that, although a trial court has discretion to impose both maximum and consecutive sentences, where a defendant is enticed by the police to commit nearly identical crimes as a result of a police sting operation, consecutive sentences are inappropriate. *Id*. at 924. Since then, Indiana courts have repeatedly held that "[c]onsecutive sentences are not appropriate when the State sponsors a series of virtually identical offenses." *Gregory v. State*, 644 N.E.2d 543, 544 (Ind. 1994); *see also*, *Eckelbarger v. State*, 51 N.E.3d 169, 170 (Ind. 2016); *Davis v. State*, 142 N.E.3d 495, 507 (Ind. Ct. App. 2020); *Rios v. State*, 930 N.E.2d 664, 669 (Ind. Ct. App. 2010); *Williams v. State*, 891 N.E.2d 621, 635 (Ind. Ct. App. 2008); *Hendrickson v. State*, 690 N.E.2d 765, 767 (Ind. Ct. App. 1998). Dominguez contends that his sentence is inappropriate because the trial

court ordered that his sentences be served consecutively for his three convictions resulting from a State-sponsored series of virtually identical offenses.

[8] There is a conflict between the oral and written sentencing statements, which makes the trial court's intent unclear. In its oral sentencing statement, the trial court stated as follows: "[T]he aggravating factors outweigh the mitigating factors. The Court sentences the defendant to a determinant [sic] sentence of nine years in the Indiana Department of Correction." *Tr. Vol. II* at 62. The oral statement, therefore, did not specify to which counts the nine-year aggregate sentence would apply. *Id*. However, in the trial court's written sentencing statement, it ordered Dominguez to serve three years on each of his conviction with the sentences to run consecutively for an aggregate sentence of nine years. *Appellant's App. Vol. II* at 74-75.

[9] When oral and written sentencing statements conflict, we examine them together to discern the intent of the sentencing court. *Vaughn v. State*, 13 N.E.3d 873, 890 (Ind. Ct. App. 2014), *trans. denied*. Rather than presuming the superior accuracy of the oral statement, we examine it alongside the written sentencing statement to assess the conclusions of the trial court. *Murrell v. State*, 960 N.E.2d 854, 859 (Ind. Ct. App. 2012). Here, the oral and written sentencing statements are in conflict. "Where we find an irregularity in a trial court's sentencing decision, we have the option to remand to the trial court for clarification or new sentencing determination, to affirm the sentence if the error is harmless, or to reweigh the proper aggravating and mitigating circumstances

independently at the appellate level." *Clippinger v. State*, 54 N.E.3d 986, 992 (Ind. 2016). Here, we choose to remand to allow the trial court to clarify its sentencing statement as to how it intended the nine-year sentence to be apportioned between Dominguez's three convictions.

[10] Remanded with instructions.

Pyle, J., and Tavitas, J., concur.